428 P.2d 147

**Issie BERNE, Appellant,**

v.

**GREYHOUND PARKS OF ARIZONA, INC.,**
a corporation, Appellee.

**No. 2 CA–CIV 270.**

Court of Appeals of Arizona.

May 19, 1967.

Rehearing Denied June 20, 1967.

Review Granted Sept. 21, 1967.

Richard L. Keefe, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellee.

KRUCKER, Judge.

This is an appeal from the Superior Court of Pima County, Arizona, from a judgment granting a directed verdict in favor of the appellee, Greyhound Parks of Arizona, Inc., and from a judgment denying a motion for new trial.

The plaintiff, Issie Berne, appellant herein, filed an action for personal injuries as a result of a fall which occurred while plaintiff was a business invitee upon the premises of the defendant. Sometime between the second and third races on the evening in question, plaintiff, while returning from the cashiers' booths on the mezzanine floor, slipped and fell on a liquid substance on the floor and sustained personal injuries. It was claimed that the substance ·on the floor dripped from the undercarriage of the grandstand overhanging the mezzanine floor. There were separations in the floorboards of the grandstand as illustrated by plaintiff's exhibit 5 in evidence. The mezzanine floor was covered with asphalt tile. If any liquid refreshments were spilled by a spectator or others sitting in the grandstand, they would drip or drain through the floor onto the mezzanine floor. Testimony indicated that liquid spilled in the grandstand had dripped on the mezzanine floor periodically for a number of years prior to the plaintiff's accident. The management had knowledge of this condition and that there were incidents almost every night involving the spilling of liquid freshments in the grandstand that would drain through the floor to the mezzanine. It was also ad-

mitted that there had been one prior slipping accident on the mezzanine floor.

It was also shown that the plaintiff and an employee of the defendant saw some liquid still dripping and that the size of the pool of liquid on the floor was approximately six to ten inches.

The trial court granted the motion for a directed verdict in favor of the defendant and denied the motion for a new trial on the grounds that there was no evidence of how long the liquid had been on the floor prior to the time plaintiff fell, or if he fell because of the liquid.

The question presented in this appeal is whether the defendant is liable for injuries, a proximate result of a defective condition, when the plaintiff had no notice of the defective condition. On many occasions prior to plaintiff's injury, defendant did have knowledge, actual or constructive, that the exact dangerous condition did exist.

Plaintiff testified that after he slipped and fell he looked up at the ceiling, noting that liquids had been dripping and that there was a liquid substance on the floor when he slipped, an area six to ten inches in size. The testimony also disclosed that his hand and jacket were wet when he was picked up.

Appellee relies on McGuire v. Valley National Bank of Phoenix, 94 Ariz. 50, 381 P.2d 588 (1963), where a pebble-like substance was on a stairway because of the acts of third persons renovating the air-conditioning system of the building. The court stated in *McGuire* at page 54, at page 590 of 381 P.2d:

> "'* * * It is, of course, incumbent upon a plaintiff alleging negligence upon the part of a defendant to show affirmatively by evidence sufficient to satisfy a reasonable mind that the negligence complained of actually existed. *It is not sufficient that the facts are such that it might have existed. It must appear affirmatively that it did.'*"

However, in the case before us, defendant had notice of the defect in the grand-stand floor and the condition had existed on other occasions. The defendant was in complete control of the premises at all times.

In Rhodes v. El Rancho Markets, 4 Ariz. App. 183, 418 P.2d 613 (1966), we held that a proprietor must take reasonable protective measures for the benefit of customers who might slip on matter dropped on the floor by employees or other customers.

In *Rhodes,* we followed Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966), concluding that the "fair probability" was that the defendant did less than was required to protect a customer or patron from the risk of injury. From the facts in the case before us for decision, we hold that there was sufficient evidence, looked at in the light most favorable to plaintiff, to justify submission of the case to the jury. Also see Gee v. Salcido, 2 Ariz.App. 280, 408 P.2d 42 (1965).

The judgment is reversed and the case is remanded for a new trial.

HATHAWAY, C. J., and MOLLOY, J., concur.