[Civil No. 1192.   Filed November 16, 1912.]

[127 Pac. 994.]

ETTA CRANDALL, Admininstrator of the Estate of ED-WARD S. CRANDALL, Deceased, Appellant, v. CONSOLIDATED TELEPHONE, TELEGRAPH AND ELECTRIC COMPANY, a Corporation, Appellee.

1. NEGLIGENCE—ELEMENTS.—Negligence is the proximate cause of consequences which naturally follow therefrom in unbroken sequence, without an intervening efficient cause, though the one negligent could not have foreseen the particular results following.

2. ELECTRICITY—INJURIES FROM POWER WIRES—PROXIMATE CAUSE.—Where defendant telephone company negligently permitted its wires to remain unprotected from overhanging power wires of another company, and plaintiff's telephone to remain without safety devices to protect against an overcharge of electricity, plaintiff's injury from contact with the wires at his telephone, overcharged by the overhanging power wires being broken and falling on defendant's wires, was a consequence naturally and proximately following from defendant's negligence, making such negligence the proximate cause of the injury, unless the act of a third person, whereby the power wires were broken, was an intervening efficient cause of the injury, which it was not, unless malicious or criminal; it if innocent, and not negligent, being a matter not to be considered, and if negligent being only a concurring cause, making both liable.

3. NEGLIGENCE—PROXIMATE CAUSE—INTERVENING "EFFICIENT CAUSE."—By "efficient cause," within the rule preventing negligence being proximate of any injury if there was an intervening efficient cause, is meant that cause which produces effects or results.

4. NEGLIGENCE—PROXIMATE CAUSE—PROVINCE OF COURT AND JURY.—While it is the province of the jury ordinarily to find from the evidence what was the proximate cause, on demurrer it is the duty of the court to decide the question.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge. Reversed and remanded.

STATEMENT OF FACTS BY THE COURT.

This action was brought by the plaintiff, as administratrix of the estate of her deceased husband, to recover damages on account of injuries received by him from the negligent acts of the defendant resulting in his death. The negligence charged in the complaint was that the defendant strung its wires in too close proximity to the power transmission wires of the Consolidated Canal Company's wires without protection against coming in contact with such canal company's wires, in the event of the breaking, sagging, or otherwise of the canal company's wires, and negligent maintenance by the defendant of a telephone instrument at the plant of the Mesa Dairy and Ice Company, where plaintiff's intestate was employed and in charge of the machinery and property of the said dairy and ice company.

It was alleged by the plaintiff, and admitted by the defendant, that the Consolidated Canal Company maintained a system of three copper wires for the transmission of a current for electric power fastened to and supported by poles along the streets. etc., of Mesa City. The defendant company maintained a system of two telephone wires running from its main system in the city of Mesa to the Mesa Dairy and Ice Company's plant, and connecting the telephone instrument at such plant with the telephone system. These two wires were wrongfully, negligently, and without permission of the canal company attached to a pole supporting the canal company's power wires at a point about six feet beneath the power wires. Neither the power wires nor the telephone wires were protected by insulation the one from the other. The telephone instrument in the dairy and ice plant was not protected from injury from an overcharge of electricity by ground wires, fuse plugs, or other approved safety devices. These conditions were known to the defendant, and they had existed for a considerable length of time prior to the date of the accident. On the thirteenth day of May, 1910, the appellant's intestate was engaged in the performance of his duties in and about the

dairy and ice company's plant. An excessive current of electricity on the telephone wires caused fire and sparks to fly from the telephone instrument maintained in the boiler-room of the plant and threatened to destroy the plant. The deceased, in order to protect the plant from fire, cut the wires, and in so doing he received the electric current into his body, causing his death.

The defendant filed a demurrer, general denial, and pleaded by way of an affirmative answer that the injury was caused by the act of one Leo Cuber cutting a large limb or branch from a fig tree standing on his premises in proximity to the power line, and telephone line of appellee, near where the two lines cross, which limb or branch in falling struck the power wires, causing the same to break and come in contact with the telephone wires, and thereby transfer the electric current from the power wires to the telephone wires leading to the telephone instrument in the dairy and ice company's plant, causing the injury to deceased, and that this injury was due solely to the intervening act of Cuber, and was not caused by the negligence or fault of appellee.

On the trial of the case appellant's counsel in his opening statement to the jury stated that one Leo Cuber climbed a tree upon his property adjacent to the transmission line and cut a limb therefrom, which limb in falling caused the transmission line to break and fall upon the telephone line of appellee. Upon this statement appellee's counsel asked to have the complaint dismissed on the grounds that the act of Cuber was the act of an intervening human agent, and that his act was the proximate cause of the accident to deceased, and that appellee's negligence in the maintenance of its line and instrument was the remote cause of the accident to deceased. Appellee's counsel admitted for the purpose of the motion that the appellee was negligent in the construction and maintenance of its lines under the power lines, without guards or insulation, and in fastening its wires to the poles of the power lines, and was further negligent in not having its telephone instrument in the ice plant properly protected with fuse plugs or other protective devices. On this statement of the case the court ruled that the act of Cuber was an intervening, and not a concurring, cause of the accident, and relieved the appellee from liability, and thereupon dismissed the complaint, and

rendered judgment for appellee. From which judgment plaintiff appeals, and assigns as error that the court erred in determining as a matter of law from the complaint and statement that the plaintiff had no cause of action; that the court erred in refusing to submit to the jury the question of the proximate cause of the damages; that the negligence of the defendant was not the proximate cause under the facts admitted; that the concurring negligence of the defendant was not the cause of the damage; that the court erred in refusing to submit to the jury the question as to whether the concurring negligence was the cause of the damage; and that the court erred in refusing to allow the jury to determine from the facts admitted whether the defendant was guilty of negligence causing the death of plaintiff's intestate.

Messrs. Silverthorn & Sexton and Mr. Thos. Armstrong, Jr., for Appellant.

Messrs. Bullard & Carpenter, for Appellee.

CUNNINGHAM, J.—Appellee contends that the act of Cuber was an intervening efficient cause of the damage, and that the injury proximately resulted therefrom. The trial court also adopted this view, and so applied the rule to the admitted facts. The appellant contends that the act of Cuber in cutting the limb of the tree, causing the power wires to become severed and fall upon the telephone wires and transfer the deadly electric current thereto, was at most a concurrent negligent act with the negligence of appellee allowing its wire to remain in close proximity to the highly charged power wires without insulation or other proper guards and in maintaining the telephone instrument in the boiler-rooms without proper protection, with fuse plugs or other devices. It is admitted by the appellee for the purposes of its motion and this appeal that it was negligent in maintaining its telephone wires and instrument as alleged. With the facts and negligence admitted we are only concerned with the question of the proximate cause of the injury. The definition of proximate cause most often given is that found in *Milwaukee & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469, 24 L. Ed. 256, as follows: "The question always is, Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did

the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held, that, in order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.'' What a man may reasonably anticipate is important and may be decisive in determining whether an act is negligent, but it is not at all decisive in determining whether that act is the proximate cause of an injury which ensues. If a person had no reasonable grounds to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all; but, if the act itself is negligent, then the person guilty of it is equally liable for all its natural and proximate consequences, whether he could have foreseen them or not. The law is that if the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen. Consequences which follow in unbroken sequence, without an intervening efficient cause from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow. 29 Cyc. 498; 1 Cooley on Torts, 3d ed., 128; *Christianson* v. *Chicago etc. Ry. Co.,* 67 Minn. 94, 69 N. W. 640.

The negligence of the defendant is admitted, and in the light of this admission it was an original wrongdoer in permitting its wires to remain unprotected from the highly charged overhanging wires of the canal company, and in permitting the telephone instrument to remain without fuse plugs or other safety devices. Unless the act of Cuber was an intervening efficient cause of the injury, the injury to appellant's intestate is a consequence naturally and proximately following from the original admitted negligence of defendant. By ''efficient · cause'' is meant the working cause, or that cause which pro-

duces effects or results. *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242, 18 L. R. A. 215, 32 N. E. 285.

It is evident that the act of Cuber would not have caused the deadly electric current to have reached the body of the deceased but for the manner in which the telephone wires and instruments were maintained by the appellee. Had due care been exercised by the appellee in protecting its telephone wires where they approach the power wires, the breaking of the power wires would not have overcharged the telephone wires. Had the telephone wires remained unprotected and the telephone instrument in the boiler-room been properly protected by fuse plugs and safety devices, and under such circumstances, Cuber caused the power wires to fall and come into contact with the telephone wires and overcharge the telephone wires no injury would have resulted to deceased. It is clear that the combined act of the defendant and Cuber produced the condition that resulted in the injury and damage. If the act of Cuber was negligent, the damage resulted from the concurrent negligence of defendant and Cuber, and the act of each may be counted on as the wrongful cause of the injury and the parties held responsible either jointly or severally for the injury. 1 Cooley on Torts, 3d ed., 121, and cases cited in note 16; *Colorado Mort. & Invest. Co.* v. *Rees,* 21 Colo. 435, 42 Pac. 42; 29 Cyc. 498–502. If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury must be referred to the wrongful cause passing by those which are innocent. 1 Cooley on Torts, 3d ed., 101, 102, and notes.

It is not charged that the act of Cuber was more culpable than careless in cutting the limb from the fig tree. If his act was negligent and his negligent act combined with the negligence of the defendant caused the injury, the defendant cannot shield himself from responsibility by pleading the wrongful act of Cuber. 29 Cyc. 497, 498. If Cuber's act was legal, and in its performance he used reasonable care, it was innocent, and the law would pass it over, and the negligent or wrongful act of defendant must be considered the proximate cause of the resulting injury. *Scott* v. *Sheppard,* 3 Wils. 403, S. C., 2 W. Black. 892 (Squib case). It is not claimed by the defendant that Cuber cut the limb of the tree with a

malicious intention to injure the property of anyone, or for any malicious purpose. Had such fact appeared, then the resultant injury to appellant's intestate would have been the natural sequence of such malicious act, and the act would have been the efficient proximate cause; for the reason such malicious act could not have been anticipated by the defendant, even though it was negligent. The criminal act of a third party can never be the natural sequence in the link of circumstances leading up to an injury, but, when such act is present, it must be considered as the efficient proximate cause of the subsequent injury, and the law will not go beyond it for a proximate cause. 29 Cyc. 501, 502. The act of Cuber in cutting the limb of a fig tree for use in connection with the family wearing apparel, while in one sense a primitive act, certainly from this record was not a malicious or criminal act; and, as we have seen, before the defendant can escape liability for its negligence, it must be made to appear that Cuber's act was a willful and intentional wrong.

It is the province of the jury ordinarily to find from the evidence what was the proximate cause of the injury, but, on demurrer, it is the duty of the court to decide that question. The manner in which the question was raised in this case permits the court as a matter of law from the pleadings and the admitted facts to decide the proximate cause of the injury to appellant's intestate as upon a demurrer, and, having determined that the act of Cuber was that cause, erred as a matter of law in there fixing the liability for the damage.

The other errors complained of, if errors, are such that they need not be considered in view of the fact that a new trial becomes necessary.

The case is remanded to the superior court of Maricopa county, state of Arizona, with instructions to vacate the judgment, deny the motion, reinstate the cause, and proceed therewith in accordance with law.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.

---

NOTE.—As to the legal theory of causal connection within the doctrine of proximate cause, see note in 36 Am. St. Rep. 807.

As to liability for discharge of electricity from wire, to the injury of one not coming actually into contact, see note in Ann. Cas. 1912A, 251.

As to proximate cause, and intervening conditions, see note in 1 Ann. Cas. 230.

As to the respective functions of court and jury with respect to questions of probable cause, see note in Ann. Cas. 1913B, 351.