NICHOLAS BERARDO, PLAINTIFF-RESPONDENT, v. JOSEPH AMBROZY AND MARY AMBROZY, DEFENDANTS-APPELLANTS.

Submitted January 20, 1942—Decided April 14, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *George Gross*.

For the respondent, *Lester Lasker*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Second District Court of Jersey City entered after a trial before the judge of that court sitting without a jury. Defendants were the owners of an apartment house located at 175 St. Paul's Avenue, Jersey City, in which there was located a stairway leading to apartments in the premises. Admittedly this stairway was under the control of the defendants. On the 8th of February, 1940, plaintiff entered the building and ascended the stairway for the purpose of delivering a chicken to a tenant on an upper floor. On the way down the stairway, according to his testimony, he suffered a fall and sustained the injuries for which this suit was brought.

It appears in the state of case as settled by the trial court that plaintiff testified that he "noticed that there was a big layer of wax on the step from which he had fallen and he observed a foot mark in the wax." He testified that all of the steps were waxed. The defendant Joseph Ambrozy testified that he was in the habit of putting wax on the linoleum covering the steps of the stairway about once a month and that he washed the stairway every week. He used a liquid wax. An expert witness testified on behalf of the defendants that liquid wax was commonly used, that it could be applied without a machine, and that it dries after a few minutes. On cross-examination he testified that whether or not any slipperiness resulted depended upon the expertness of the person applying the wax.

Defendants-appellants contend that it was error to deny the motion to nonsuit and to deny the motion for a directed verdict in their favor, because there was no evidence of negligence on their part to raise a question of fact. The cases cited, such as *Schnatterer* v. *Bamberger*, 81 *N. J. L.* 558, concerning notice to the landlord or proof of the existence of a condition for sufficient length of time to impute knowledge, have no application to the case under consideration where the charge is negligence in the performance of some act which the landlord undertook, namely the waxing of the steps. It is true that waxing the stairway was not tortious

*per se* and that mere proof that the steps had been waxed and were slippery would not, without more, be evidence of negligence. *Abt* v. *Leeds & Lippincott Co.*, 109 *Id.* 311. But we are of the opinion that the evidence in the present case was sufficient for the trier of the facts to infer that the waxing had been done in an improper and negligent manner. If it be true that the wax, if properly applied, would dry in a few minutes, as the expert testified, then there should have been no "big layer of wax" on the step. The proofs were sufficient to raise a question of fact and there was no error in the action of the court in the respects complained of. *McGee* v. *Kraft,* 110 *Id.* 532.

The judgment is affirmed, with costs.