381 P.2d 588

**Vaughn S. McGUIRE, Appellant,**

v.

**VALLEY NATIONAL BANK OF PHOENIX, a national banking association, Appellee.**

**No. 7057.**

Supreme Court of Arizona,

In Division.

May 15, 1963.

Robert Morrison and. W. .T. Willey, Phoenix, for appellant.

Snell & Wilmer, by Roger W. Perry and Donald R. Kunz, Phoenix, for appellee.

UDALL, Vice Chief Justice.

This is an appeal by the plaintiff in a personal injury action from a directed verdict entered against him at the close of his evidence. He contends that his evidence on the issue of the defendant's negligence was sufficient to go to the jury, and further, that the court erred in excluding certain testimony.

About 4 p. m., March 11, 1957, the plaintiff, a practicing dentist, left his office on the eleventh floor of the Professional Building, which was managed by the defendant, and climbed a half flight of stairs leading to a restroom maintained by the defendant for the use of its tenants. While climbing these stairs, he slipped on a "pebble-like substance", fell, and sustained personal injures. The plaintiff's evidence showed that for a period of months prior to the accident, workmen of an independent contractor employed by the defendant had been engaged in renovating the air conditioning system located on the twelfth floor of the Professional Building. These workmen used the stairway upon which plaintiff fell for access from the eleventh floor elevator to the twelfth floor, in going to and from the restroom between the eleventh and twelfth floors, and in going to and from the water fountain on the eleventh floor. Use of the stairway by these workmen had resulted in "dust, grit and dirt" being tracked down from the working areas on the twelfth

floor to the stairway and to the eleventh floor. Materials used by the workmen were not carried over the route described, but were raised outside of the building by hoist. Debris resulting from the work was taken down by means of the hoist. The working area on the twelfth floor was separated from the stairway by doors and a small lobby.

Neither the plaintiff nor the officers of the defendant responsible for the management of the Professional Building had noticed "pebble-like substances" similar to that which caused plaintiff's fall prior to the accident. However, two members of defendant's janitorial staff testified they had seen such particles on the stairway prior to March 11th. One of these witnesses testified that he observed such particles on the stairway earlier on the day of plaintiff's accident, and that he removed them, leaving the area clean when he left the building at 1:40 p. m., a little more than two hours prior to the plaintiff's accident. There was no evidence as to when, following the time the janitor cleaned the stairway, the pebble which caused the plaintiff's accident was deposited on the stairway.

 The trial judge ruled that this evidence was insufficient to show negligence of the defendant, and we agree. In order to show that a landlord has negligently breached his duty to use reasonable care in maintaining a common stairway for the use of his tenants, where the injury results from a foreign substance deposited on the stairs of which the landlord has no actual knowledge, the plaintiff must ordinarily show that the foreign substance is the result of the act of the landlord or his agents, e. g. Berardo v. Ambrozy, 128 N.J.L. 295, 25 A.2d 538 (1942), or that it has been in existence for a sufficient length of time prior to the injury for the landlord, in the exercise of reasonable care, to find and correct it, Cf. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135 (1959). See also the extensive annotation at 25 A.L.R.2d 364, 429, 433, and cases cited therein.

 While the plaintiff's evidence would support the inference that the pebble was deposited on the stairway as a result of the activities of the men working on the twelfth floor, the defendant is not to be charged under these circumstances with the negligence of an independent contractor employed by it, Rudger v. Mucklon Holding Co., Inc., 240 App.Div. 188, 269 N.Y.S. 723 (1934) (landlord not liable where tenant fell because of paint spilled on stairway by independent contractor). Thus, it cannot be said that the foreign substance is the result of the act of the defendant or its agents.

The pebble could have been deposited ten seconds before the plaintiff fell, or ten minutes, or two hours and ten minutes. There is no evidence from which the jury could infer that one period of time was more reasonable than any other. Only if it

had been there for a sufficient length of time for the defendant, in the exercise of reasonable care, to find and remove it, could the defendant be found negligent. Submission of these facts to the jury would require the jury to guess whether the pebble had been on the stairway for a sufficient length of time. This cannot be permitted.

■ " * * * It is, of course, incumbent upon a plaintiff alleging negligence upon the part of a defendant to show affirmatively by evidence sufficient to satisfy a reasonable mind that the negligence complained of actually existed. *It is not sufficient that the facts are such that it might have existed. It must appear affirmatively that it did.*" Butane Corp. v. Kirby, 66 Ariz. 272, 282, 187 P.2d 325, 332 (1947).

■ The plaintiff contends that activities of the workmen resulted in a continuing condition of danger of which the defendant had notice, and which it should have corrected. This condition was the deposit of "dust, grit, and dirt" upon the stairway. However, the plaintiff disclaimed that the "dust, grit, and dirt" played any part in causing his accident. Neither he nor the members of the building management staff, who visited the area at least eight times a day, had seen pebble-like particles prior to the accident. There was no evidence that such particles were deposited continuously. Plaintiff's contention that his injury was caused by a continuing condition of danger finds no support in the record.

■ Moreover, while the janitor's knowledge that pebble-like particles had been deposited on the stairway prior to March 11th might be imputed to the defendant, a showing that defendant knew the activities of the workmen could produce a dangerous situation is not sufficient to establish its negligence:

> "To charge the property owner with liability, the notice must be 'of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it.'" Drible v. Village Improvement Co., 123 Conn. 20, 192 A. 308 (1937).

In the case cited, the landlord was held not liable for the injuries of a business invitee of a tenant, who slipped on ice on the steps of a common stairway.

We find in the record no basis upon which a finding of negligence by the defendant could be sustained. The trial court did not err in directing a verdict against the plaintiff.

■ The evidence which plaintiff contends was improperly excluded tended to show that, as a result of vibration caused by the work going on on the twelfth floor, plaster and dust was caused to fall in plaintiff's office. The excluded evidence also in-

cluded a hearsay admission by the janitor that he had removed debris from the stairway prior to the day of the accident. None of this testimony supplies the fatal deficiency of plaintiff's case, which is a showing that the particular substance which caused him to fall was on the stairway for a sufficient length of time to permit the defendant, in the exercise of due care, to discover and remove it.

The judgment is affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.