418 P.2d 613

**Ike RHODES and Vera Rhodes, husband and wife, Appellants,**

**v.**

**EL RANCHO MARKETS, an Arizona corporation, Appellee.***

**2 CA-CIV. 250.**

Court of Appeals of Arizona.

Division 2.

Oct. 5, 1966.

Rehearing Denied Oct. 27, 1966.

Murphy & Vinson, by John U. Vinson, Tucson, for appellants.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by William E. Kimble, Tucson, for appellee.

HATHAWAY, Judge.

Ike and Vera Rhodes, plaintiffs in the trial court, have appealed from a judgment entered on a verdict directed against them in favor of El Rancho Markets, the defendant below. The Rhodes sought to recover damages for personal injuries sustained by Mrs. Rhodes as the result of a fall in appellee's Speedway El Rancho store.

---

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8450. The matter was referred to this court pursuant to A.R.S. Section 12-120.23.

Considering the evidence in a light most favorable to appellants, in view of the directed verdict against them, the facts are as follows: Mrs. Rhodes was doing her Thanksgiving grocery shopping at the Speedway El Rancho store on Tuesday, November 21, 1961. Tuesday was a double stamp day and the store was very busy. She was ready to check-out her purchases when she remembered she needed something in the produce department. Leaving her grocery cart at the check-out stand, she proceeded toward the produce section closest to the check-out area. As she neared the entrance to the produce department, she slipped and fell. She observed a piece of lettuce clinging to the bottom of her shoe and drops of water on the floor nearby. Moisture-generating produce was displayed at the rear of the department.

At the trial, the district supervisor of El Rancho Markets testified that throughout the day fresh produce was uncrated in the produce department and used to replenish the displays; that the floors were cleaned and swept every morning at 6 a. m. by a professional maintenance service; that the store policy required all employees to pick up anything they saw on the floor; that more time was spent sweeping and picking up in the produce department because of the nature of the "stuff" that falls to the floor; that the area was swept as often as needed, which might have been four to five times an hour and in between times the boys constantly picked things up. There was no proof adduced as to when the floor had been last swept on the morning in question other than the showing of general store policy.

It would appear from the record that the trial judge, guided by McGuire v. Valley National Bank, 94 Ariz. 50, 381 P.2d 588 (1963), directed a verdict in favor of the market because of appellants' failure to show that appellee had either actual or constructive notice of the specific piece of lettuce being on the floor.

In *McGuire,* the plaintiff-tenant slipped on a "pebble-like substance," fell and was injured. The trial court's direction of a verdict for the defendant-landlord was affirmed, because the plaintiff failed to prove that the substance had been on the stairway a sufficient length of time to give the defendant actual or constructive notice of the specific condition. The source of the extraneous material seemed to most probably be from the work of an independent contractor, for whose negligence our Supreme Court held the defendant was not liable.

Appellants contend that the appellee is charged with knowedge of a condition created by his employees for the water on the floor, by its very nature and location, would not have been there except for the acts of appellee's employees. The following testimony concerning the water was elicited from Mrs. Rhodes on cross-examination:

"Q  I see. If I suggested Mrs. Rhodes, that you told me in your deposition that it was the lettuce and not the water that you slipped on, that would still be your testimony today, would it not?

"A  Well, it was water and the lettuce, too, there, but the lettuce was on the bottom of my shoe."

The appellants claim that, since it is more probable that the appellee's employees caused the accumulation of water, the question of appellee's negligence should have been submitted to the jury. In support of their position they cite us Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434 (1958) where it was held that when a customer slips on a foreign substance which is related to the proprietor's operation and there is circumstantial evidence[1] from which

---

1. For circumstantial evidence from which it has been inferred that defendant or his employees caused the condition, rather than customers, see Fox v. Ben Schechter & Co., 57 Ohio App. 275, 13 N.E.2d 730 (1937) as to defendant's business practices; Sundberg v. Boal, 320 Ill.App. 138, 49 N.E.2d 824 (1943), the nature of the substance; and The Vogue, Inc. v. Cox, 28 Tenn.App. 344, 190 S.W.2d 307 (1945), the location of the substance.

it could be inferred that the proprietor or its employees caused the condition, the negligence issue should go to the jury.

Recently, the Supreme Court of New Jersey in Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 221 A.2d 513 (1966) reversed a trial court's dismissal of the action at the close of the paintiff's case. The plaintiff had sought to recover for injuries sustained in a fall when she stepped on a string bean in the vegetable section of a supermarket where produce was sold from open bins on a self-service basis. The following analysis of the New Jersey court is likewise applicable to this case:

> "Here the hazard could have been caused by (1) carelessness in the manner in which the beans were piled and displayed; or (2) carelessness of an employee in handling the beans thereafter; or (3) carelessness of a patron. As to (1) and (2), defendant is chargeable whether or not it was aware of its employee's neglect. Defendant's knowledge is relevant only as to (3), but even there, since the patron's carelessness is to be anticipated in this self-service operation, defendant is liable, even without notice of the bean's presence on the floor, if (4) defendant failed to use reasonable measures commensurate with the risk involved to discover the debris a customer might leave and to remove it before it injures another patron." 221 A.2d at 514.

The court in *Wollerman*, supra, concluded that the "fair probability" was that the defendant did less than was required to protect a customer from the risk of injury created by vegetable debris on the floor.

 We take judicial notice of the fact that in a self-service market operation, such as appellee's, the customer is expected to handle and examine the produce displayed in the open bins. For instance, one may remove a head of lettuce from its stand, examine it, decide against it and put it back, and then repeat this process several times.

When produce is displayed and handled in such fashion, the storekeeper must take reasonable protective measures for the benefit of customers who might slip and fall on vegetable matter dropped on the floor by employees or other customers. The finder of fact could reasonably conclude that such hazard to business invitees constituted a risk of harm within the reasonable foresight of the appellee; therefore it should have taken reasonable steps to obviate the danger. In other words, the storekeeper's vigilance must be commensurate with the risk. Wollerman v. Grand Union Stores, Inc., supra.

We believe that a jury might infer the proprietor was negligent from the facts presented. The judgment is reversed and the cause is remanded for a new trial.

KRUCKER, C. J., and MOLLOY, J., concur.