449 P.2d 78

**W. M. VREELAND and Paula Vreeland, husband and wife, Appellants,**

v.

**STATE of Arizona, BOARD OF REGENTS, the University of Arizona, Appellees.**

**No. 2 CA–CIV 604.**

Court of Appeals of Arizona.

Jan. 2, 1969.

Rehearing Denied Feb. 20, 1969.

Review Denied March 18, 1969.

Merchant, Lohse & Bloom, by William A. Riordan, Tucson, for appellants.

May, Dees & Newell, by Paul F. Newell, Tucson, for appellees.

HATHAWAY, Chief Judge.

This appeal brings up for review a judgment entered upon a directed verdict in favor of the defendants in an action to recover for injuries sustained as a result of a fall on the premises of the University of Arizona. The sole question to be resolved by us is whether the trial court erred in refusing to submit the issue of defendants' negligence to the jury.[1]

■ Viewing the evidence most favorably to the plaintiff's position, the following facts are presented. At the time of the injury complained of the plaintiff, Paula Vreeland, was enrolled and paid tuition as a full-time student at the University of Arizona in Tucson, Arizona. On March 30, 1965, the plaintiff, while enroute to a scheduled class on an upper floor in the engineering building, was ascending the marble stairway from the main floor. She stepped and slipped upon one or more of a number of metallic colored, heavy-duty thumbtacks, of the type used on several University bulletin boards in the vicinity of the stairway. The stairway was approximately 80 inches in width and was equipped with a handrail only on the left hand side. This side, however, was used by descending traffic, and Mrs. Vreeland was ascending the stairway on the right hand side, hence there was no handrail available for her use.

The stairs in question were swept only once, at night, when the building was unoccupied. The bulletin boards upon which the thumbtacks in question were used, although provided for "official" use, were not enclosed and were physically accessible to anyone. Furthermore, when notices were removed from the bulletin board, the tacks holding them were left on the board.

■ It is not disputed that the plaintiff's status was that of an invitee. The defendant therefore, although not an insurer of the plaintiff's safety, was under a duty to make the premises reasonably safe for her use. Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957). Here, the presence of the thumbtacks on the stairway could have been caused by the carelessness of either the defendants' employees or a third person. If this hazard was created by the defendants' employees, it is immaterial whether or not the defendants were aware of their carelessness. In order to avoid the onus of showing the defendants' knowledge, there must be some evidence presented to show that it was more likely that the defendants' employees, rather than a third person, created the condition. Gee v. Salcido, 2 Ariz.App. 280, 408 P.2d 42 (1965); Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434 (1958). Here the plaintiff merely proved that the thumbtacks were related to the operations of the University. Under such circumstances, the mere showing of the presence of the thumbtacks on the stairway and the occurrence of injury, was not sufficient. Olinger v. Great Atlantic & Pac. Tea Company, 21 Ill.2d 469, 173 N.E.2d 443 (1961).

■ It therefore was incumbent upon the plaintiff to establish that the defendants had actual notice of the presence of the thumbtacks on the stairway or that they had been there for a sufficient length of time prior to her injury, for the defendants, in the exercise of reasonable care, to discover and remove them. McGuire v. Valley

1. In view of our disposition of this question, we need not consider the question of the defendants' liability for the plaintiff's subsequent back injury, alleged to be an item of damage.

National Bank of Phoenix, 94 Ariz. 50, 381 P.2d 588 (1963); Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (filed December 13, 1968). As stated in *Berne*, supra:

> "Since people can and daily do sustain injuries from almost all conceivable conditions under a multitude of varying circumstances, and since the possessor of the premises is not an insurer of the safety of invitees, the line between liability and non-liability must be drawn at some point."

The plaintiff having failed to prove notice, there was no basis upon which a finding of negligence could be predicated.[2]

The plaintiff also claimed negligence on the part of the defendants because of the absence of a handrail on the side of the stairway she was using. She introduced testimony that customary safety practices require a handrail on both sides of stairways wider than 44 inches in order to provide a "minimum of safety" for ingress and egress. Mrs. Vreeland testified:

> "When my feet went out from under me, I had one foot up for the next step, and I put this foot down and it rolled, and then both feet are off the ground, and I went right down the front, like this, and I had nothing to catch, and I slipped down."

■■■ It has been stated that the purpose of a handrail adjacent to a staircase is to give assistance to persons ascending or descending the steps. See Rush v.

Townsend & Wall Company, 343 S.W.2d 44, 49 (Mo.1961); Anderson v. Younker Bros. Inc., 249 Iowa 923, 89 N.W.2d 858, 863 (1958). It has been held that, as a matter of law, the absence of a handrail from an ordinary interior stairway does not constitute actionable negligence. Pruitt v. Timme, Okl., 349 P.2d 4 (1959); Harrod v. Baggett, Okl., 418 P.2d 652 (1966); Mammana v. Easton National Bank, 338 Pa. 225, 12 A.2d 918 (1940); Horvath v. Chestnut Street Realty Company, 144 S.W. 2d 165 (Mo.App.1940). Absence of a handrail is considered in negligence actions only where there has been proof that other conditions, such as faulty construction of the stairway or poor lighting, would require a handrail as a safety measure. See e. g., Vosbeck v. Lerdall, 245 Minn. 164, 72 N.W. 2d 371 (1955); White v. Herbst, 128 Conn. 659, 25 A.2d 68 (1942); Wayman v. Fulder, 282 N.Y. 730, 26 N.E.2d 829 (1940); Lyons v. Lich, 145 Or. 606, 28 P.2d 872 (1934). We hold, therefore, that the mere absence of a handrail in and of itself, was not enough to make a submissible case of negligence. Horvath v. Chestnut Street Realty Company, supra.

Having concluded that the plaintiff did not make the requisite showing to justify submission of the issue of defendants' negligence to the jury, we find no error in the trial court's direction of a verdict and the judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.

2. The circumstances of this case are clearly distinguishable from those in Rhodes v. El Rancho Markets, 4 Ariz.App. 183, 418 P.2d 613 (1966), wherein we held that it was proper to submit the issue of a storekeeper's negligence to the jury where the evidence indicated a "fair probability" that the storekeeper did less than was required to protect a customer from the risk of injury created by vegetable debris on the floor of the market.