600 P.2d 764

James **PARNESS**, by and through his next friend Maria Parness, **Plaintiff-Appellant**,

v.

The **CITY OF TEMPE**, a municipal corporation, **Defendant-Appellee**.

No. 1 CA–CIV 4120.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 9, 1979.

Napier & Jones by Michael Napier, Robert F. Clarke, Phoenix, for plaintiff-appellant.

O'Steen Legal Clinic by Van O'Steen, Phoenix, co-counsel for plaintiff-appellant.

Snell & Wilmer by W. Charles Thomson, Donald D. Colburn, Phoenix, for defendant-appellee.

## OPINION

FROEB, Judge.

Escalante Community Center is operated for neighborhood recreation by the City of Tempe (City). During the late afternoon of July 16, 1974, James Parness, age 7, went to the center to play and was knocked down from behind by one or two boys (referred to

hereafter in the plural). The identity of the boys and the reasons for the incident are not known. Parness fell to the ground and severely cut his hand on broken glass, injuring nerves and tendons.

An action for damages based on negligence was brought against the City by Maria Parness on behalf of her son, James (plaintiff). The case was tried to a jury and resulted in a directed verdict in favor of the City after plaintiff rested. Following the denial of a motion for new trial, plaintiff filed this appeal.[1]

The trial court granted the directed verdict on the ground that, even assuming the negligence of the City, the conduct of the unidentified boys was a superseding cause of plaintiff's injuries which relieved the City of liability. On appeal the City defends the ruling on two grounds: (1) there was no evidence of negligence, and (2) the conduct of the unidentified boys was a superseding cause of the injuries. Plaintiff argues that negligence of the City was shown and the conduct of the boys was not a superseding cause.

 We turn first to the question of the negligence of the City. Its duty was to keep its premises in a reasonably safe condition for users of the neighborhood recreation center. *Hlavaty v. Song*, 107 Ariz. 606, 491 P.2d 460 (1971). There is little question but that broken glass in a recreational area is an unreasonably dangerous condition. The evidence is sufficient to show that plaintiff was injured by broken glass. The essential question is whether the City had actual notice of the broken glass or if not, whether the glass was on the ground for a sufficient period of time for the City, in the exercise of reasonable care, to have discovered and removed it before the accident.

*McGuire v. Valley National Bank*, 94 Ariz. 50, 381 P.2d 588 (1963); *Walker v. Montgomery Ward and Co., Inc.*, 20 Ariz.App. 255, 511 P.2d 699 (1973).

 We find there was reasonable evidence that the City had actual notice of the broken glass, and so do not reach the question of constructive notice. The recreational official, Jerry Slemmer, testified that before the accident he "always" saw broken glass on the ground, including the area where plaintiff was injured. He stated, "I just also noticed there would always be glass laying around the building . . . . No, not particularly in one spot. It was just kind of always there, always." As Slemmer was employed by the City, his knowledge is attributed to his employer. *See In re Estate of Milliman*, 101 Ariz. 54, 415 P.2d 877 (1966). Furthermore, Slemmer verbally informed his supervisor of the hazard when he told him, before the accident: "Hey, we have some glass out here we ought to get it up."

Nevertheless, the City argues that the plaintiff's case fails because there is no evidence that the City had knowledge of the specific piece of glass which caused plaintiff's injury. For this, the City relies upon *McGuire v. Valley National Bank*, *Walker v. Montgomery Ward and Co., Inc.*, and *Berne v. Greyhound Parks of Arizona, Inc.*, 104 Ariz. 38, 448 P.2d 388 (1968). Plaintiff argues that evidence of the specific piece of glass was not necessary, relying upon *Safeway Stores, Inc. v. Cone*, 2 Ariz. App. 151, 406 P.2d 869 (1966) and *Rhodes v. El Rancho Markets*, 4 Ariz.App. 183, 418 P.2d 613 (1966). We are persuaded that the plaintiff's position is correct.

1. As a preliminary matter, the City argues that the scope of review is limited to the question of whether the trial court properly exercised its discretion in denying the plaintiff's motion for new trial. The argument is based on the wording of plaintiff's notice of appeal which states that the appeal is taken from the "order made and entered . . . on the 27th day of June, 1977." The record shows that the order entered that day was the minute order of the court denying plaintiff's motion for a new trial.

However, the notice of appeal further states (mistakenly) that "said order granted a directed verdict in favor of defendant." We hold that, notwithstanding the error, there was sufficient notice given that the plaintiff was appealing the order granting the directed verdict. The City has made no claim that it was prejudiced or misled. This technical defect therefore does not bar our review of the order granting the directed verdict. *See Hanen v. Willis*, 102 Ariz. 6, 423 P.2d 95 (1967).

In *McGuire*, a tenant of a building managed by the defendant slipped and fell on a "pebble-like substance" on a stairway maintained for the tenant's use. The Supreme Court upheld a directed verdict for defendant because there was no evidence that the particular substance causing the fall was on the stairway for a sufficient length of time to permit the defendant, in the exercise of due care, to discover and remove it. The evidence showed that the defendant did have knowledge of a continuing condition of dust, grit, and dirt being tracked onto the stairway during construction. The plaintiff, however, fell on a "pebble-like substance," not the dust, grit, and dirt. At best, the evidence showed that a janitor employed by defendant saw a pebble-like substance on the stairway prior to the day of the accident and another janitor had seen a pebble-like substance on the stairway a little more than two hours before the accident, but had swept it up, leaving the stairway clean. Thus, the pebble-like substance was not a continuing dangerous condition.

In *Walker* a customer of the defendant store slipped and fell in a store aisle on a piece of a peach. Summary judgment for defendant was upheld because there was no evidence that the peach was present through the acts of the defendant or its employees, or that the defendant had actual knowledge or notice of the piece of peach, or that it had been present long enough for the defendant, in the exercise of reasonable care, to discover and remove it. There was evidence that none of the defendant's employees were in the vicinity of the aisle where the customer fell and that no produce (including peaches) was on display in this area of the store.

In *Berne*, a patron of the racetrack slipped on a puddle of liquid which had dripped from cracks in the grandstand onto the mezzanine floor below. The evidence showed that only a few times before had any employee of the defendant seen any puddles and that those seen were very small in size. The Supreme Court upheld a directed verdict for defendant, finding that the conditions producing the occasional puddles did not create an unreasonable risk of harm.

While the *McGuire*, *Walker* and *Berne* cases arguably require knowledge of the specific injury-producing condition, they are inapplicable to the facts of the present case where there is prima facie evidence that the injury-producing condition was known to the City. Knowledge of a continuing condition of broken glass must be deemed to include knowledge of the specific piece of glass which caused the injury. Actual perception of the specific piece of glass under these facts is not required.

Plaintiff's reliance upon *Safeway Stores, Inc. v. Cone* and *Rhodes v. El Rancho Markets* is well placed. In *Cone*, the customer entered the store during a downpour and slipped and fell in a large puddle through which she had to pass to conduct her business in the store. The court held that direct evidence as to the size of the puddle or how long it had been there was not required. The rain, which had been falling off and on all day, constituted notice to the defendant that a dangerous condition existed and that increased precautions were necessary to maintain reasonably safe premises. Further, the puddle was at the main entrance of the store and was in the viewing area of store personnel. Constructive knowledge of the condition was imputed to the defendant because of these circumstances.

In *Rhodes*, the trial court granted a directed verdict on the ground that the plaintiff did not introduce evidence that defendant had actual or constructive notice of the specific piece of lettuce on the floor of the produce section which caused the fall. The Court of Appeals reversed, finding that knowledge by the defendant of the specific piece of lettuce causing the fall was not necessary. It held, *inter alia*, that the display of produce in open bins was a condition which would create a foreseeable risk of harm if produce dropped to the floor after being handled either by store customers or employees. The court held that, knowing of the risk, it was a jury question whether the defendant store took reasonable measures to avoid the danger.

■ We hold that plaintiff presented prima facie evidence that the City was negligent in maintaining the grounds at Escalante Community Center by failing to take reasonable measures to remove the broken glass from the premises.

We next turn to the contention that the City is relieved of liability because the conduct of the unidentified boys was a superseding cause of plaintiff's injuries.

There is no question but that the conduct of the boys was an intervening cause of plaintiff's injuries. It actively operated to produce the harm upon the passive condition of broken glass. *Herzberg v. White*, 49 Ariz. 313, 66 P.2d 253 (1937).

■ For an intervening cause to be a superseding cause of the injuries

. . . it must be a cause which could not have been reasonably foreseen or anticipated by the defendant. Stated differently, in order for an intervening cause to supersede the original negligence, the intervening cause must be so extraordinary that the defendant could not have reasonably anticipated that the cause would intervene. (citations omitted) *City of Phoenix v. Schroeder*, 1 Ariz.App. 510, 516–517, 405 P.2d 301, 308 (1965).

*Hemet Dodge v. Gryder*, 23 Ariz.App. 523, 534 P.2d 454 (1975) is an example of intervening conduct found to have been foreseeable. We held in that case that the installer of an incorrect radiator cap ought to have foreseen that the driver of the vehicle might negligently try to remove the cap in the presence of others when the engine was overheated.

■ We hold the intervening conduct in this case is likewise foreseeable. The recreation area was a place where children were constantly fighting, shoving, and falling to the ground. A reasonable person would anticipate that if the broken glass were present, someone would be injured.

■ The City argues, however, that intervening acts which are intentional, malicious, or criminal are superseding causes as a matter of law and foreseeability is not controlling, referring to language in *Crandall v. Consolidated Telephone, Telegraph & Electric Co.*, 14 Ariz. 322, 127 P. 994 (1912) and *Lyric Amusement Co. v. Jeffries*, 58 Ariz. 381, 120 P.2d 417 (1941). It contends that there is a distinction between acts which are *malum in se* and acts which are merely *malum prohibitum*. Without attempting to analyze these terms, we conclude that they are not helpful in explaining the law of superseding cause in Arizona and that the application of the doctrine of superseding cause is not dependent upon the distinction between them. Even the authorities relied upon by the City are founded upon the essential idea of foreseeability.

■ We hold that *Restatement of Torts, Second*, correctly states the law in Arizona regarding superseding cause in the case before us:

Where the negligent conduct of the actor creates or increases the risk of a particular harm . . . the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct. *Restatement of Torts, Second,* § 442 B.

\* \* \* \* \* \*

If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby. *Restatement of Torts, Second*, § 449.

\* \* \* \* \* \*

An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal. *Restatement of Torts, Second*, § 302 B.

Several cases relating to intervening and superseding cause deserve mention. The Arizona Supreme Court in *Stroud v. Dorr-Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975) reiterated and applied the definitions of intervening and superseding cause set forth in *City of Phoenix v. Schroeder.* The United States Court of Appeals reviewed Arizona law on the subject in *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886 (9th Cir. 1977) and determined that the principle of foreseeability applied in determining whether acts of arson were a superseding cause of death arising out of fire in a hotel. Rejecting arguments similar to those made by the City here, the court held that an act of arson did not constitute a superseding cause as a matter of law. In *Nichols v. City of Phoenix*, 68 Ariz. 124, 202 P.2d 201 (1949), the court held it was foreseeable that another driver might break the speed limit; in *Campbell v. City of Tucson*, 4 Ariz.App. 155, 418 P.2d 401 (1966), tampering with a signal light by an unknown person was found not to be a superseding cause as a matter of law so as to relieve the city of liability. In another case, a burglar alarm company was found liable for theft losses from a pawnshop notwithstanding the intervening conduct of the burglar who stole the property. *Central Alarm of .Tucson v. Ganem*, 116 Ariz. 74, 567 P.2d 1203 (App.1977). By way of contrast, this court has recently held as a matter of law that school personnel could not reasonably have foreseen that a young child would leave school grounds without permission and thereafter be murdered. *Chavez v. Tolleson Elementary School District*, 122 Ariz. 472, 595 P.2d 1017 (App.1979). This court also held in *Dyer v. Best Pharmacal*, 118 Ariz. 465, 577 P.2d 1084 (1978), that a drug manufacturer cannot be required to foresee that a licensed physician will disregard express warnings regarding the use of a drug.

In our opinion, a reasonable person can foresee that children might push one another down on the ground where broken glass is present. Whether the City of Tempe was negligent in maintaining the grounds at the Escalante Recreation Center is for the jury to determine under all the evidence. We conclude, therefore, that the trial court erred in holding as a matter of law that the conduct of the boys in this case was a superseding cause which relieved the City of liability for its claimed negligence.

Reversed and remanded for a new trial.

HAIRE, P. J., and EUBANK, J., concur.