635 P.2d 1210

**Hazel A. PREUSS and Edgar F. Preuss, her husband, Appellees,**

v.

**SAMBO'S OF ARIZONA, INC., Appellant.**

No. 15335.

Supreme Court of Arizona, In Division.

Oct. 8, 1981.

Rehearing Denied Nov. 17, 1981.

Black, Robertshaw, Frederick, Copple & Wright by Jon R. Pozgay, Phoenix, for appellant.

G. David Gage, Phoenix, for appellees.

HAYS, Justice.

This is an appeal from a judgment entered on a jury verdict against Sambo's of Arizona, Inc. (Sambo's) in a personal injury action brought by Hazel and Edgar Preuss (plaintiffs). We have jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 19(e).

The facts, viewed in a light most favorable to sustaining the verdict, are as follows. In November of 1975, Hazel Preuss visited a Sambo's Restaurant located in Mesa, Arizona. As she approached the entrance she observed some rocks on the right side of the walkway, so she moved to the left and proceeded up the left side of the entrance ramp. Before she reached the door, she slipped on what she thought was a small rock and fell, sustaining injuries to her right arm and shoulder. Mrs. Pruess testified that she did not see the rock at the

time of the fall but assumed she had fallen on a rock because the object she stepped on was hard.

A planter containing river rock was located to the right of the entrance. Because patrons occasionally walked through the planter, small rocks were often kicked up or tracked onto the entrance ramp. To prevent patrons from walking across the planter to the doorway, Sambo's placed railroad ties between the ramp and the planter. Additionally, Sambo's employed a maintenance man to clean the parking lot every morning and check the front walkway for debris throughout the day. Despite these measures, Sambo's manager testified that it was not uncommon to find rocks in the parking area but attributed their presence to construction vehicles whose drivers frequented the restaurant.

There was no evidence presented as to how the rock came to rest on the entrance ramp or how long it had been there. Also, in the six years Sambo's had been in business at this location no one else had ever fallen on a rock.

At the close of plaintiffs' case, Sambo's moved for a directed verdict. This motion was denied. Sambo's renewed the motion after the verdict in the form of a motion for judgment notwithstanding the verdict, which was also denied. This appeal followed. Sambo's argues that the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict. It contends that plaintiffs failed to prove that Sambo's had actual or constructive notice of the rock's presence since they failed to establish where the rock came from, how it got there and, as Sambo's emphasizes, how long it had been there.

The law is clear in Arizona that the proprietor of a business is under an affirmative duty to make the premises reasonably safe for use by invitees; however, he is not an insurer of their safety and is not required to keep the premises absolutely safe. *Berne v. Greyhound Parks of Arizona, Inc.*, 104 Ariz. 38, 448 P.2d 388 (1968). With respect to slip-and-fall cases, the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor. *Walker v. Montgomery Ward & Co.*, 20 Ariz.App. 255, 258, 511 P.2d 699, 702 (1973); *see also Forbes v. Romo*, 123 Ariz. 548, 601 P.2d 311 (App. 1979). As noted in *Walker*,

"the plaintiff must prove either, 1) that the foreign substance or dangerous condition [was] the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (i. e., constructive notice)."

20 Ariz.App. at 258, 511 P.2d at 702.

With respect to the notice requirement, the notice must be of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. *McGuire v. Valley National Bank of Phoenix*, 94 Ariz. 50, 381 P.2d 588 (1963). Similarly, the most important question in establishing constructive notice of a dangerous condition is the length of time that a given foreign substance has been present. *Walker v. Montgomery Ward & Co., supra.*

Application of the evidence in this case to the proof requirements set out in *Walker* leads us to conclude that the plaintiffs failed to establish an actionable case of negligence against Sambo's. The first proof requirement refers to situations in which the foreign substance is related to the defendant's business. The foreign substance may be a product sold by the business, *see, e. g., Rhodes v. El Rancho Markets*, 4 Ariz.App. 183, 418 P.2d 613 (1966) (slip-and-fall on vegetable), or may be some object incidental to the business, *see, e. g., Vreeland v. State Board of Regents*, 9 Ariz. App. 61, 449 P.2d 78 (1969). However,

"[t]he mere presence of a foreign substance does not raise an inference or a question of fact as to whether the substance was caused to exist by defendant, or by one of its agents.... [E]ven where the foreign substance involved is

related to a defendant's business, that showing alone would still be insufficient to prove that the presence of the substance was caused by defendant or one of its agents."

*Walker v. Montgomery Ward & Co., supra.* In *Vreeland v. State Board of Regents, supra,* the plaintiff, a student at the University of Arizona, stepped and slipped on one or more thumbtacks of the type used on several university bulletin boards. The Court of Appeals affirmed a directed verdict in favor of defendants stating, "the plaintiff merely proved that the thumbtacks were related to the operations of the University. Under such circumstances, the mere showing of the presence of the thumbtacks on the stairway and the occurrence of the injury, was not sufficient." 9 Ariz.App. at 62, 449 P.2d at 79. Here, plaintiffs did not prove that Mrs. Preuss slipped on a rock, or assuming she did step on a rock, that it came from the "planter." Even assuming the rock did come from the planter, there was no proof that its presence was caused by defendant or one of its agents. Therefore, the first proof requirement was not satisfied.

Plaintiffs also failed to prove that defendant had actual notice of the foreign substance. Plaintiffs do, however, attempt to shift the focus of the inquiry by arguing that the dangerous condition was not the rock itself, but rather the rock "planter." They contend that the planter supplied the instrumentality upon which Hazel Preuss fell and that Sambo's should have foreseen that someone might kick rocks out onto the entry area thereby creating a risk of harm.

■ As stated above, the notice requirement *must be of the defect itself* and not of the conditions producing the defect. Although the rock planter may have been a defective condition, defective conditions are not necessarily dangerous conditions. *Berne v. Greyhound Parks of Arizona, Inc., supra,* 104 Ariz. at 41, 448 P.2d at 391. In order to establish actual notice of the foreign substance or dangerous condition, plaintiffs were required to present some evidence that others had fallen on, or complained about, rocks on the entrance ramp on the day of the accident. This, plaintiffs

failed to do; therefore, the second proof requirement was not met.

Having failed to satisfy the first and second proof requirements, plaintiffs were obliged to establish that Sambo's had constructive notice of the presence of the rock or foreign substance. In this regard, plaintiffs did not introduce any evidence concerning the length of time the rock or object had been present on the entrance ramp. Plaintiffs' failure to present any evidence on this question, coupled with the fact that Sambo's maintenance man made periodic checks of the front sidewalk area for debris, clearly points to a failure of proof of con-·structive notice. As we stated in *McGuire v. Valley National Bank of Phoenix, supra,* on similar facts:

"The pebble could have been deposited ten seconds before the plaintiff fell, or ten minutes, or two hours and ten minutes. There is no evidence from which the jury could infer that one period of time was more reasonable than any other. Only if it had been there for a sufficient length of time for the defendant, in the exercise of reasonable care, to find and remove it, could the defendant be found negligent. Submission of these facts to the jury would require the jury to guess whether the pebble had been on the stairway for a sufficient length of time. This cannot be permitted."

*Id.* at 53–54, 381 P.2d at 590. In the present case, the jury was allowed to speculate whether the rock or object had been on the entrance ramp for a length of time sufficient to provide Sambo's with constructive notice of its presence. Again we must emphasize, this cannot be permitted.

Accordingly, we hold that the trial court erred when it denied Sambo's motion for directed verdict. The judgment of the Superior Court is reversed and judgment is to be entered in favor of Sambo's.

CAMERON and GORDON, JJ., concur.