662 P.2d 458

Philip SPELBRING, Plaintiff/Appellant,

v.

PINAL COUNTY, a body politic, Defendant/Appellee.

2 CA–CIV 4555.

Court of Appeals of Arizona, Division 2.

March 14, 1983.

Miller & Pitt, P.C. by Richard L. McAnally and John L. Tully, Tucson, for plaintiff/appellant.

Jones, Teilborg, Sanders, Haga & Parks by Nicholas T. Adrahtas and Peter G. Kline, Phoenix, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

Appellant, plaintiff below, has brought this appeal challenging the trial court's granting of appellee's motion for summary judgment. We believe the granting of the motion was proper and affirm.

Appellant Philip Spelbring was a passenger in a dune buggy being driven by Don Allen Seller, a defendant in the trial court but not a party to this appeal. Spelbring was sitting in the rear of the dune buggy and either was ejected or jumped from the vehicle when the left front tire struck a rock in the road causing the driver to lose control and the vehicle to go over an embankment and overturn.

The accident occurred on a lightly-travelled bladed dirt road under Pinal County management. At the site of the accident, the road curves to the right and after a one hundred yard straight section curves back to the left. Along the entire stretch there is a slight uphill grade. To appellant's right as he travelled along the road, the ground fell away towards a wash. To his left, was a hill consisting of loose dirt, rocks and bushes. The slope of the hill was approximately 60°. The driver negotiated the first curve and was driving uphill when he turned around to determine whether Spelbring was seated or standing up. He was seated. When the driver turned his head to the front, he observed a rock approximately 12 inches in diameter on the road. He attempted to avoid the rock but was unable to do so. The vehicle struck the rock, he lost control, the vehicle went off the right side of the road down an embankment and flipped completely over, finally coming to rest approximately 70 feet from the edge of the road in an upright position.

Spelbring brought suit against the driver, the driver's father and Pinal County. The county moved for summary judgment which was granted and this appeal followed.

The issue before this court is whether appellee had notice of the presence of the rock on the county road.

In reviewing the granting of a motion for summary judgment, we must view the evidence in a light most favorable to the appellant and give the appellant the benefit of all reasonable inferences which may be drawn from the record. *Faris v. Doctors Hospital, Inc.,* 18 Ariz.App. 264, 501 P.2d 440 (1972). Furthermore, in a negligence action such as the case before us, it is generally not appropriate to grant summary judgment. Only if the record demonstrates that there is no genuine dispute as to any material fact and there is only one inference that can be drawn from the undisputed material facts is the granting of summary judgment proper, *Tribe v. Shell Oil Company, Inc.,* 133 Ariz. 517, 652 P.2d 1040 (1982). Finally, if there is the slightest doubt as to whether there is an issue of fact, that doubt should be resolved in favor of a trial on the merits. *Rodgers v. Ray,* 10 Ariz.App. 119, 457 P.2d 281 (1969).

Appellant makes two arguments urging reversal. He first contends that the county had actual or constructive notice of the potential risk that rocks would fall onto the road surface and that such notice raises a factual issue that must be resolved by a jury. He maintains that it was not necessary for the county to have actual or constructive notice of the fact that a rock was in the middle of the road. He argues that the county knew about the slope of the hill and its composition, knew that rocks will roll down a 60° slope, knew that any rocks that rolled off the hill would come to rest on the road, and knew that any such rocks on the road would create a hazardous condition for drivers using the road. From this he argues that the county had actual or constructive notice of the risk that a large rock might roll down the slope and settle on the road surface thereby presenting a hazard to the travelling public. We believe that this argument has been answered in *Preuss v. Sambo's of Arizona, Inc.,* 130 Ariz. 288, 635 P.2d 1210 (1981), where the court said:

> "With respect to the notice requirement, the notice must be of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. *McGuire v. Valley National Bank of Phoenix,* 94 Ariz. 50, 381 P.2d 588 (1963)." 130 Ariz. at 289, 635 P.2d 1210.

Here appellant argues that knowledge or notice of the defect causing condition, i.e., the condition and slope of the hill, is sufficient to raise a fact question for a jury regarding the county's negligence. He maintains that actual or constructive notice of the defect itself which caused the injury, i.e., the rock, is not required. This position is rejected in Preuss, supra, a rejection with which we must agree.

Appellant's second argument is that the county failed to discharge its obligation of proving a lack of causation between the condition and slope of the hill and the presence of the rock on the road.

We find appellant's reliance on *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979), to support this contention misplaced. In *Wisener,* the plaintiff/appellant had presented expert testimony evidence to the court concerning the negligence of the state in designing and maintaining fences along a highway. The state offered no contravening evidence to the court. Here the record does not indicate that the appellant offered any evidence of the county's negligence in the repair and maintenance of the road. The only testimony offered by the appellant concerned the composition and slope of the hill. There was no evidence presented that the county was in any way negligent when it designed and constructed the road.

Appellant also relies on *Parness v. City of Tempe,* 123 Ariz. 460, 600 P.2d 764 (App. 1979), and *Rhodes v. El Rancho Markets,* 4 Ariz.App. 183, 418 P.2d 613 (1966). We believe the fact situations in these cases are distinguishable from the situation here. In *Parness,* the plaintiff presented evidence that the city had actual notice of broken glass on the ground in the recreational area. No evidence has been presented by appellant to show that Pinal County had notice of rocks on the road.

In *Rhodes,* the storekeeper, by displaying produce in open bins, created the condition which would expose customers to a foreseeable risk of injury if produce was dropped on the floor by employees or customers. Here the county did not create the condition, i.e., the composition and slope of the hill, which appellant maintains presented the unreasonable risk of harm to passing motorists. See also, *Tom v. S.S. Kresge Co., Inc.,* 130 Ariz. 30, 633 P.2d 439 (App.1981).

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.