750 P.2d 911

**GULF INDUSTRIES, INC., aka Gulf Energy Corporation, an Arizona corporation, Plaintiff/Appellant,**

v.

**Jean HAHN, a single person, Defendant/Appellee.**

**No. 2 CA–CV 87–0326.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 11, 1988.

Law offices of Gregory D. D'Antonio by James J. D'Antonio and Gregory D. D'Antonio, Tucson, for plaintiff/appellant.

Porter, Tobler & Martineau, P.C. by Taz P. Evans, Mesa, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

This is an appeal from the granting of a summary judgment. At issue is whether

the plaintiff effectively cancelled a home solicitation sale. The facts, considered in the light most favorable to the plaintiff, are as follows. On June 26, 1986, by written agreement, Jean Hahn purchased a water conditioning treatment system from the plaintiff. The sale constituted a "home solicitation sale," as that term is defined in A.R.S. § 44–5001(1). In compliance with A.R.S. § 44–5004(C), the plaintiff granted Hahn the right to cancel the sale within three days. Hahn's son received from her a written notice of cancellation of her contract which he took to plaintiff's office at 10:30 p.m. on June 30, 1986, and inserted in the mail slot. The affidavit of Gloria Walkinshaw, an employee of the plaintiff, filed in opposition to the motion for summary judgment states as follows:

"I, Gloria Walkinshaw, being first duly sworn, upon my oath depose and state:

1. That I am an employee of Gulf Industries, Inc., formerly known as Gulf Energy Corporation;

2. That I was an employee of Gulf Industries, Inc., during all times relevant to the transaction involving Gulf Eneregy (sic) Corporation and Jean Hahn;

3. That at all relevant times my duties at Gulf Energy Corporation were to accept delivery of mail, accept delivery of all overnight communications, accept deliveries of all parcels, and to accept or process deliveries of all communications and other matters directed to Gulf Energy Corporation during hours other than regular business hours;

4. That Jean Hahn did not deliver to Gulf Energy Corporation a Notice of Cancellation."

The trial court entered summary judgment in favor of the defendant, Jean Hahn, finding as follows:

"The Court finds that the affidavit of Gloria Walkinshaw does not create a fact issue concerning Defendant's cancellation of the contract. Specifically, the Court finds that Ms. Walkinshaw's statement that the Defendant did not exercise her right to cancel the transaction is conclusory and does not refute Ms.

Hahn's allegation that her son David Hahn delivered the notice of cancellation. The Court further finds that neither the statute nor notice of cancellation requires personal delivery of the notice of cancellation by Jean Hahn."

The plaintiff contends that the trial court erred because, as a matter of law, the placing of the notice of cancellation in the mail slot did not constitute giving of the notice "in person." It further contends that, in any event, there is a factual issue as to whether notice was, in fact, given. We agree with the plaintiff's second proposition but not with his first.

A.R.S. § 44–5002 state in part:

"A. In addition to any right otherwise to revoke an offer, the buyer may cancel a home solicitation sale until midnight of the third business day after the day on which the buyer signs an agreement subject to the provisions of this chapter. For the purposes of this chapter, 'business day' does not include Sundays....

B. Cancellation occurs when the buyer gives written notice of cancellation in person or by telegram to the seller at the address specified for notice of cancellation provided by the seller or when such written notice bearing such address is deposited in the United States mail by either ordinary mail or registered mail."

As can be seen, the cancellation must be in writing. In this case, since June 26, 1986, was a Thursday, the defendant had until midnight, June 30, 1986, to cancel the contract.

■ We hold that when written notice of cancellation is placed by the buyer, or his or her agent, into the possession of the seller, without intervention of a third party, such notice is given "in person" within the meaning of the Home Solicitations and Referral Sales Act. If the notice in this case was placed into the office mail slot, as stated in the affidavit of the defendant's son, it was placed in the possession of the seller and the notice requirements were met.

■ This brings us to the question of whether there is a genuine issue of material fact. Reviewing a summary judgment

we consider the evidence in the light most favorable to the appellant and give the appellant the benefit of all reasonable inferences which may be drawn from the record. *Spelbring v. Pinal County,* 135 Ariz. 493, 662 P.2d 458 (App.1983). If there is the slightest doubt as to any material fact, we will reverse the judgment for trial on the merits. *Grain Dealers Mutual Insurance Company v. James,* 118 Ariz. 116, 575 P.2d 315 (1978). In the present case, the affidavit of Gloria Walkinshaw raises a genuine issue of material fact as to whether the notice was received. Her affidavit, viewed as a whole, permits an inference that the notice was not placed in the mail slot as contended by the defendant's son in his affidavit.

It is ordered that both sides pay their own attorney's fees on appeal.

Reversed.

LACAGNINA, C.J., and HATHAWAY, J., concur.