GARWOOD ET AL. *v.* THE GREAT WESTERN OIL CO.

*Corporations — Organization — Certificate that ten per cent. of stock subscribed — Failure to notify secretary of state — Section 8633, General Code — Liability of individual incorporators — To creditor of company — De facto corporations.*

1. Failure of the subscribers to the articles of incorporation to certify in writing to the secretary of state when ten per cent. of the capital stock is subscribed, as required by Section 8633, General Code, does not render the members of such corporation liable, individually or as partners, to the suit of a creditor who has dealt with such company as a corporation.
2. A *de facto* corporation exists where there has been an attempt to incorporate a corporation which the law authorizes to be formed, the associates are acting in good faith and there has been a user of powers which such a corporation would possess.

(Decided May 12, 1919.)

ERROR:  Court of Appeals for Cuyahoga county.

*Mr. H. E. Elliott,* for plaintiffs in error.
*Mr. C. D. Eshelman,* for defendant in error.

SHOHL, P. J.  This is a proceeding in error from the municipal court of Cleveland, where the defendant in error brought an action on an account against the plaintiffs in error.

Counsel for defendant in error makes the point that the waiver of summons in error is entitled "The Court of Common Pleas" and does not constitute a waiver of summons in this court.

Opposing counsel maintains that the heading or title is a stenographic error and that the waiver was intended by both sides to be, and was in fact, a waiver in the court of appeals.  This is supported by affidavit.  We do so find.

Moreover, counsel for defendant in error appeared here and presented the matter without reservation or limitation as to the purpose of his appearance, and filed briefs on the question.  He may not now question the jurisdiction of this court upon the ground that no summons in error was served.  *King* v. *Penn,* 43 Ohio St., 57.

The agreed facts are:

"The plaintiff and the defendants herein mutually agreed to and do hereby respectfully submit and present to the Court this statement of facts as constituting all of the facts and as being a full, complete and accurate statement of all of the facts in the foregoing action, the Court being at liberty, however, to draw inferences of facts therefrom.

"F. O. Garwood, M. D. Faunce, L. F. Weintz, F. E. Stutevant and H. E. Elliott, defendants herein, on or about the 26th day of October, 1916, filed

with the Secretary of State of Ohio, Articles of Incorporation under the name of The Garwood Motor Car Company. Thereafter a certificate of incorporation was duly and properly issued to them by the Secretary of State, upon the terms and conditions applied for as above set forth.

"Thereafter and on or about the 5th day of November, 1917, L. F. Weintz, F. O. Garwood, N. R. Wildman, H. E. Elliott and M. D. Faunce met and subscribed for ten per cent. of the capital stock of said corporation being organized, and paid said ten per cent. to one of their number, who was by them authorized to receive payment; that the said defendants, then and there elected L. F. Weintz, F. O. Garwood, N. R. Wildman, H. E. Elliott and M. D. Faunce, defendants herein, as members of a Board of Directors with full power to transact the business for them; F. O. Garwood being elected President, H. E. Elliott, Vice President, and L. F. Weintz, Secretary and Treasurer.

"Thereafter the supposed corporation rented a storeroom at 2248 Euclid Avenue, under the name of The Garwood Motor Car Company and conducted and transacted the business under the name of The Garwood Motor Car Company, of an automobile sales agency, and did such things as were necessary and incidental thereto, and purchased from The Great Western Oil Company, the plaintiff, the oil and gas at the time and in the amount and price indicated by the 'Exhibit A' attached to the statement of claim of plaintiff; which exhibit is hereby made a part of this statement, the same as if fully set forth herein. That all of said purchases were charged by The Great Western Oil

Company to The Garwood Motor Car Company, and the payments made and shown upon the 'Exhibit A' were made by checks, which checks were signed The Garwood Motor Car Company, by F. O. Garwood, President, and L. F. Weintz, Treasurer.

"That no certificate of subscription has been filed with the Secretary of State."

The court rendered judgment against the defendants.

If the oil company dealt with the motor car company, and the motor car company was a *de jure* corporation, it is elementary that it should seek its relief against the corporation.

It is contended by defendant in error that the agreed facts disclose that the motor car company did not constitute a corporation. There was a failure to comply with Section 8633, General Code, which requires the subscribers to the articles of incorporation, or a majority of them, to certify in writing to the secretary of state when ten per cent. of the capital stock is subscribed. Plaintiffs in error contend that the motor car company was a corporation, but that, furthermore, even if the incorporation was defective, it constituted a *de facto* corporation, which bars the claim of the oil company.

No question of *de facto* corporations arises unless there has been a failure of substantial compliance with a mandatory provision of the statutes, such a provision as constitutes a condition precedent to the existence of the corporation.

While the third paragraph of the syllabus in the case of *The Parkside Cemetery Assn.* v. *The Cleve-*

*land, Bedford & Geauga Lake Traction Co.,* 93 Ohio St., 161, states that the requirements of Section 8632 *et seq.* are mandatory, when the entire syllabus is taken together and viewed with reference to the facts of that decision we do not regard the syllabus as importing that those provisions are to be regarded as mandatory for every purpose. This attitude toward the decision finds support in the opinion of the United States circuit court of appeals in *Kardo* v. *Adams,* 231 Fed. Rep., 950, 962, 963. The Parkside Cemetery Association decision dealt with the powers conferred upon a corporation to exercise the right of eminent domain, and the declaration of the court as to the necessity of compliance with the statutory requirements as a condition precedent to the power of appropriating property is to be understood in view of the precise question involved. We incline to the opinion, therefore, that the failure to file the certificate required by Section 8633, General Code, did not prevent the motor car company from becoming a corporation.

But we do not rest our decision upon this ground. The stipulation shows that there was an attempt to incorporate, resulting in at least a colorable corporate organization. There was a law authorizing the formation of such a corporation as was attempted to be formed. There had been user of some of the powers that such a corporation would possess, and the associates were acting in good faith. This gave rise to a *de facto* corporation. (1 Machen on Corporations, Sections 285-290.) It further appears that the oil company dealt with the motor car company as a corporation.

It may, therefore, not avail itself of any defect in the incorporation proceedings. In the case of *The Second National Bank of Cincinnati* v. *Hall et al.,* 35 Ohio St., 158, at page 166, the court says:

"The evidence discloses the fact that the note sued on was, in the first instance, discounted by B. Homans, Jr., the treasurer of the company, and one of the original corporators; that he had full knowledge that the company was exercising the powers that the charter professed to grant, and that in discounting the note for the company he dealt with and treated it as a corporation, are undisputed facts. It further appears that the plaintiff, through its cashier, was informed that the company was a corporation before it received the note as collateral to the loan to Homans. It accepted and received it as corporate paper and as carrying with it only a corporate obligation, and therefore is estopped from denying the corporate existence of the company executing it."

See also *Rowland* v. *Meader Furniture Co.,* 38 Ohio St., 269; 2 Morawetz on Private Corporations, Section 748; Taylor on Private Corporations, Section 148; 1 Bates on Partnership, Section 4, and 1 Machen on Corporations, Section 282 and note.

In the cases of *The Newburg Petroleum Co.* v. *Weare et al.,* 27 Ohio St., 343; *Peckham Iron Co.* v. *Harper,* 41 Ohio St., 100, and *Shawnee Commercial & Savings Bank Co.* v. *Miller et al.,* 1 C. C., N. S., 569, the converse of the foregoing proposition was held, to the effect that when the *de facto* corporation sues the party who has dealt with it as a corporation it can not defend on the ground of the defects in the incorporation.

The whole subject is treated in an article by Edward H. Warren, "Collateral Attack on Incorporation," 20 Harvard Law Review, 456, and the authorities on the precise point are collected at page 478.

The municipal court erred in holding the members of the corporation liable either individually or as partners.

The judgment will be reversed.

*Judgment reversed.*

CUSHING and HAMILTON, JJ., concur.

Judges of the First Appellate District, sitting by designation in place of Judges DUNLAP, WASHBURN and VICKERY of the Eighth Appellate District.