704 P.2d 280

**T-K DISTRIBUTORS, INC., an Arizona corporation, Plaintiff-Appellee/Cross Appellant,**

v.

**Joseph A. SOLDEVERE and Arlene Soldevere, husband and wife, Defendants-Appellants/Cross Appellees.**

**No. 1 CA–CIV 7209.**

Court of Appeals of Arizona,
Department A.

June 20, 1985.

Goldman & Kaplan, Ltd. by Morris A. Kaplan, David L. Sandweiss, Phoenix, for plaintiff-appellee/cross appellant.

Carmichael, McClue & Powell, P.C. by Claudia J. Kroman, Phoenix, for defendants-appellants/cross appellees.

## OPINION

FROEB, Judge.

The principal issue on appeal is whether reinstatement of corporate status under A.R.S. § 10–095(E) is retroactive to the date of revocation of the corporate charter for purposes of individual liability of officers, directors and stockholders.

Scottsdale Dodge, Inc., was an Arizona corporation from October 13, 1971, to July 10, 1979, when its articles of incorporation were revoked due to its failure to file a report and pay a filing fee. Appellants Joseph A. Soldevere and Arlene Soldevere, the principal stockholders, were unaware of the revocation until after it had taken effect. Thereafter, Scottsdale Dodge, Inc., complied with the requirements of A.R.S. § 10–095(E) and sought reinstatement of its corporate status. On November 6, 1979, the Corporation Commission reinstated the corporation. During the period of revocation, the business continued to operate as a corporate entity and bought auto parts from T–K Distributors in the amount of $9,515.39. On November 16, 1979, Scottsdale Dodge closed due to its insolvency.

T–K Distributors filed suit against Scottsdale Dodge and the Soldeveres which included a claim for merchandise sold by T–K Distributors to Scottsdale Dodge after revocation of the charter but before reinstatement. A default judgment against Scottsdale Dodge was entered after its failure to appear and answer. Another default judgment was entered against the Soldeveres; however, this default judgment was later set aside for improper service of process. The case then proceeded against the Soldeveres individually.

The trial court entered judgment against the Soldeveres for $9,515.39, plus attorney's fees, on the basis that Scottsdale Dodge was not a corporate entity during the revocation period and, therefore, the Soldeveres were jointly and severally liable for Scottsdale Dodge's debts and liabilities incurred during this period.

Arizona statutes relating to corporations were completely revised by the legislature in 1975, followed by additional changes in 1976. *See* A.R.S. §§ 10–002 to 10–149. The revisions were patterned upon the Model Business Corporation Act with some changes and additions. *See* Cocanower and Hay, *The New Arizona Business Corporation Act*, 17 Ariz.L.Rev. 559 (1975). The

purpose of the legislation was to codify and clarify requirements for the formation and operation of corporations. *See* A.R.S. §§ 10–003 and 10–146. T–K Distributors bases its claim against the Soldeveres, in part, upon A.R.S. § 10–146, which states:

All persons who assume to act as a corporation without authority so to do or who procured incorporation through fraudulent misstatements or omissions of material fact in documents filed with the commission shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof. Ratification of preincorporation acts constitute authority to act in a corporate capacity as used herein.

The focus in this appeal is upon A.R.S. § 10–095 which authorizes the Corporation Commission to revoke articles of incorporation for various reasons, including the failure to file an annual report and to pay fees. Subsection (D) of A.R.S. § 10–095 provides that: "[u]pon the issuance of such certificate of revocation, the existence of such corporation shall terminate, subject to the provisions of subsection E of this section." Subsection E allows reinstatement of the corporation within six months following revocation of the articles of incorporation. There is no statutory language providing that reinstatement relates back to the date of revocation.

Appellants contend that when a corporation has been reinstated pursuant to § 10–095(E), it is as though corporate existence was uninterrupted and revocation never occurred. We disagree.

Under prior law, reinstatement following revocation had a retroactive effect and liability for debts occurring during the revocation period would not attach to the individual stockholders. This is so because former A.R.S. § 10–213 provided that the "commission shall enter an order reinstating the corporation *and vacating its order of revocation....*" [Emphasis added] This was consistent with the doctrine of *de facto* corporations also recognized by Arizona courts prior to revision of the corporation statutes in 1975 and 1976. *See Rice v.*

*Sanger Brothers,* 27 Ariz. 15, 229 P. 397 (1924). Under this doctrine, if a corporation had not been legally incorporated, the stockholders would not be individually liable if there had been a bona fide attempt to organize and use corporate powers. *Terrell v. Industrial Commission,* 19 Ariz. App. 468, 508 P.2d 355 (1973).

■ Included among the many statutory changes relating to corporations was A.R.S. § 10–095 which provided for reinstatement of corporate status following involuntary dissolution; however, this statute omitted the specific language as was used in A.R.S. § 10–213 "vacating" the order of revocation. We assume from this action a change in substance was intended by the legislature. Not only was the "vacating its revocation order" language removed from the statute, but a version of A.R.S. § 10–095 passed by the legislature in 1975 to become effective July 1, 1976, contained the "vacating" language; however, it was amended during 1976 prior to its effective date and the "vacating" language was removed. The net result is that effective July 1, 1976, Arizona corporation statutes have had no express provision vacating the revocation of a corporate charter once reinstatement has occurred.

■ In addition to the foregoing statutory change, the doctrine of *de facto* corporations was also statutorily abolished in Arizona by reason of A.R.S. §§ 10–056 and 10–146, which are based upon sections 56 and 146 of the Model Business Corporation Act. A.R.S. § 10–146, earlier quoted, sets forth no exception for individual liability which might arise during the period of revocation and reinstatement of a corporation under A.R.S. § 10–095(E).

Decisions from other states have held that personal liability for purported corporate debts will arise during the period in which a corporation charter was revoked. In *Kessler Distributing Company v. Neill,* 317 N.W.2d 519 (Iowa App.1982), personal liability was imposed upon a corporate president for debts incurred after the corporate certificate of authority was revoked.

The rationale of the court was based upon an Iowa statute similar to A.R.S. § 10–146. The court held:

> Reinstatement of the corporate charter should not be viewed as retroactively restoring the privilege of limited liability with respect to transactions which took place during the period of time when the corporate charter was revoked.

317 N.W.2d at 522.

In *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 873 (Iowa 1984), the Iowa State Supreme Court, relying on *Moore v. Occupational Safety and Health Review Comm'n.*, 591 F.2d 991, 995–996 (4th Cir.1979), stated:

> [I]n the absence of a statutory direction, a majority of jurisdictions suspend limited liability and find personal liability for occurrences during suspension of a corporate charter, notwithstanding a later reinstatement.

■ Since we have affirmed the judgment of the trial court, we do not reach the cross-appeal filed by T–K Distributors.

The final issue is the request for attorney's fees on appeal by T–K Distributors. Pursuant to A.R.S. § 12–341.01(A), it is ordered granting this request and appellee is directed to submit an affidavit in accordance with rule 21(c), Arizona Rules of Civil Appellate Procedure.

Affirmed.

CORCORAN and OGG, JJ., concur.