716 P.2d 1061

**BOOKER CUSTOM PACKING CO., INC., a Texas corporation, and Clovis Packing Co., Inc., a New Mexico corporation, Plaintiffs/Appellees,**

v.

**Dennis Allen SALLOMI, Defendant/Appellant.**

**No. 2 CA–CIV 5649.**

Court of Appeals of Arizona, Division 2, Department B.

March 12, 1986.

Eaton, Lazarus, Dodge & Lowry, Ltd. by David D. Dodge and Marc R. Lieberman, Phoenix, for plaintiffs/appellees.

Frederick C. Creasy, Jr., Scottsdale, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Quality Pac Food Corp., Inc. was an unincorporated entity engaged in the meat packing business. On December 10, 1982, it was leased to DMM Joint Venture by Robert Harrison and John Treviso. An option to purchase was granted by Harrison and Treviso to DMM on December 15, 1982. DMM was ostensibly formed by three corporations. Each corporation signed by its president, Dennis Sallomi, L.H. Minifie, Jr., and Michael J. Mastrovito. In fact, none of the signatory corporations existed. Sallomi, Minifie, and Mastrovito began operating Quality Pac. They purchased over $200,000 in meat from plaintiffs, Booker Custom Packing Co. and Clovis Packing Co., for which they never made payment. Suit was brought against them individually. Sallomi appeals from the summary judgment entered against him. We affirm.

Sallomi's first contention, to the extent that we understand it, is that Quality Pac was a name under which a corporation, Southwestern Institutional Food Service, Inc., did business. Somehow, Sallomi contends, this makes him an employee of Southwestern. To this, there are two answers. First, there was no admissible evidence that Quality Pac was part of a corporation. Even if it had been, the lease would have deprived Quality Pac of any protection of the corporate form. Once the lease was executed, the Quality Pac business was a joint venture of Sallomi, Minifie and Mastrovito and not any part of the lessor corporation.

■ Sallomi's second argument is that because he intended a corporation and not himself to be one of the DMM joint venturers, he ought not be liable individually. We are cited no cases for the proposition that wishing makes it so. Sallomi's reference to the concept of "de facto" corporations fails both because there was no good faith effort to incorporate or actual use of corporate powers, *Terrell v. Industrial Commission*, 19 Ariz.App. 468, 508 P.2d 355 (1973), and because the doctrine was abolished by A.R.S. §§ 10–056, 10–146, *T–K Distributors, Inc. v. Soldevere*, 146 Ariz. 150, 704 P.2d 280 (App.1985). We see nothing in Article 14, § 13 of the Arizona Constitution preventing that legislative action.

■ Sallomi's final contention is that because plaintiffs thought they were dealing with a corporation, he should not be individually liable. We view that as inconsistent with A.R.S. § 10–146, which provides:

"All persons who assume to act as a corporation without authority so to do or who procured incorporation through fraudulent misstatements or omissions of material fact in documents filed with the commission shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof. Ratification of preincorporation acts constitute authority to act in a corporate capacity as used herein."

See *Bowers Bldg. Co. v. Altura Glass Co.*, 694 P.2d 876 (Colo.App.1984); *Robertson v. Levy*, 197 A.2d 443 (D.C.App.1964); *Timberline Equip. Co. v. Davenport*, 267 Or. 64, 514 P.2d 1109 (1973); *Thompson & Green Machinery Co. v. Music City Lumber Co.*, 683 S.W.2d 340 (Tenn.App.1984); 8 Fletcher Cyclopedia Corporations § 3913 (Perm.ed.1982).

Plaintiffs' request for attorney's fees on appeal is granted in an amount to be determined following the filing of its statement of costs in compliance with Rule 21, Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

BIRDSALL and LACAGNINA, JJ., concur.