**MONTGOMERY COUNTY RESIDENTIAL DEVELOPMENT, INC., Plaintiff,**

v.

**MONTGOMERY COUNTY BOARD OF MENTAL RETARDATION & DEVELOPMENTAL DISABILITIES, et al., Defendants.**

**No. C–3–84–1021.**

United States District Court, S.D. Ohio, W.D.

May 11, 1987.

Timothy A. Smith, Robert W. Cettel, Cincinnati, Ohio, for plaintiff.

John F. Krumholtz, Barbara P. Gorman, Asst. Pros. Attys., Dayton, Ohio, Matthew J. DeTemple, Columbus, Ohio, Robert T. Dunlevey, Jr., Stephen A. Watring, Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING MOTION OF ALL DEFENDANTS OTHER THAN RESIDENT HOME ASSOCIATION TO DISMISS (DOC. # 282), OVERRULING DEFENDANT RESIDENT HOME ASSOCIATION'S MOTION TO DISMISS (DOC. # 285) AND OVERRULING PLAINTIFF'S MOTION FOR SANCTIONS RE: DEFENDANTS' MOTION TO DISMISS (DOC. # 289); CAPTIONED CAUSE STAYED PENDING APPOINTMENT OF TRUSTEES BY COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO AND CERTAIN DETERMINATIONS TO BE MADE BY THOSE TRUSTEES

RICE, District Judge.

This case is before the Court on Motion of all Defendants (other than Resident Home Association) to Dismiss (Doc. # 282) and Defendant Resident Home Association's Motion to Dismiss (Doc. # 285) which both argue that, pursuant to Federal Rule of Civil Procedure 17, Plaintiff Montgomery County Residential Development, Inc.'s ("MCRD") Complaint must be dismissed because Plaintiff lacks the capacity to sue in light of the January 14, 1987, Decision

and Entry of the Court of Appeals of Montgomery County, Ohio, in a *quo warranto* action brought by the state of Ohio. Also before the Court is Plaintiff's Motion for Sanctions Regarding Defendants' Motion to Dismiss (Doc. # 289) which seeks sanctions against the Defendants under Federal Rules of Civil Procedure 11 and 26(g). For the reasons set forth below, each of these motions is overruled. However, the captioned cause is stayed pending the appointment of trustees by the Court of Appeals of Montgomery County, Ohio, to wind up the affairs of the Plaintiff Corporation and the making of certain determinations by those Trustees.

Plaintiff's Complaint in this action alleges that the Defendants have interfered in Plaintiff's attempts to open facilities to provide residential living space and services to mentally retarded and developmentally disabled individuals in violation of the Plaintiff's contractual and civil rights and the antitrust laws of the United States. Plaintiff has filed this suit in its capacity as a duly registered and incorporated private, non-profit corporation of the state of Ohio whose headquarters are located in Montgomery County, Ohio. Defendants' motions argue, however, that the Plaintiff now lacks the capacity to sue pursuant to Fed.R.Civ.P. 17 because the Court of Appeals of Montgomery County, Ohio, by a Decision and Entry of January 14, 1987 *in State ex rel. Falke v. Montgomery County Residential Development, Inc.* (Montgomery County Court of Appeals Case No. 9867), "ordered that Montgomery County Residential Development, Inc. [the Plaintiff], be ousted and excluded from its corporate rights, privileges, and franchises, and that such corporation be dissolved. All present trustees, members and officers are enjoined from carrying on any further acts or business of the corporation." Case No. 9867 at 7 (attached as exhibit to Defendants' Motion to Dismiss (Doc. # 282)). Be-

cause under Fed.R.Civ.P. 17, "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized," the Court must begin its examination of Defendants' motions by determining the meaning and impact of the Montgomery County Court of Appeals Decision and Entry.[1]

The Decision and Entry of the Court of Appeals of Montgomery County, Ohio, arose from a *quo warranto* action brought against the Plaintiff Corporation by the state of Ohio (which was, coincidentally, represented by the Montgomery County Prosecutor's Office, which also represents several of the Defendants in this action). Under O.R.C. § 1702.52(A) "[a non-profit] corporation may be dissolved judicially and its affairs wound up ... [b]y an order of the supreme court or of a court of appeals in an action in quo warranto brought as provided by sections 2733.02 to 2733.39, inclusive, of the Revised Code...." Under O.R.C. § 2733.02:

> A civil action in quo warranto may be brought in the name of the state against a corporation:
>
> (A) When it has offended against a law providing for its creation or renewal, or any amendment thereof;
>
> .    .    .    .    .
>
> (D) When it has misused a franchise, privilege, or rights conferred upon it by law, or when it claims or holds by contract or otherwise, or has exercised a franchise, privilege, or right in contravention of law....

O.R.C. § 2733.20 sets forth the remedies to be applied when a court of appeals finds a *quo warranto* action well taken:

> When, in an action in quo warranto, it is found and adjudged that, by an act done or omitted, a corporation has surrendered or forfeited its corporate rights, privileges, and franchises, or has not

---

1. The Court notes that while the parties have argued as to whether that Decision and Entry was a final appealable order (the Court believes it was), it is clear that the Decision and Entry was not merely an "opinion", in as much as it determined that MCRD had been incorporated illegally (i.e., by forgery) and enjoined the

present trustees, members and officers from carrying on further acts or business thereof, and thus it constitutes a binding determination of the legal status of MCRD until either reconsidered by the court of appeals or overturned by the Ohio Supreme Court.

used them during a term of five years, judgment shall be entered that it be ousted and excluded therefrom, and that it be dissolved.

When it is found and adjudged in such case, that a corporation has offended in a matter or manner that does not work such surrender or forfeiture, or has misused a franchise, or exercised a power not conferred by law, judgment shall be entered that it be ousted from the continuance of such offense or the exercise of such power.

When it is found and adjudged in such case, that any application for a license to transact business in a state filed by a foreign corporation, any articles of incorporation of a domestic corporation or any amendment to them, or any certificate of merger or consolidation which set forth a corporate name prohibited by the Revised Code has been improperly approved and filed, judgment shall be entered that the corporation be ousted from continued use of such corporate name.

Finally, O.R.C. 2733.21 sets forth the procedure for dissolution of a corporation:

The court rendering a judgment dissolving a corporation as provided in section 2733.20 of the Revised Code *shall* appoint a trustee or trustees, not exceeding three in number, for the benefit of the creditors and stockholders thereof, who shall each give an undertaking payable to the state, in such sum and with such sureties as the court designates and approves, conditioned that they will faithfully discharge their respective trusts with the orders of such court or of the court to which such quo warranto proceedings may be remanded, as provided in section 2733.22 of the Revised Code, and properly pay and apply all monies and other property that comes into their hands as such trustees, in accordance with such orders.

(emphasis added).

Reading these sections together, the Court must conclude that when an action is brought under O.R.C. § 2733.02(A), i.e., when it is claimed that a corporation "has offended against a law providing for its creation," then the court of appeals, upon a finding against the corporation, must apply the remedy provided for in ¶ 1 of O.R.C. § 2733.20—ouster and exclusion from the corporate rights, privileges and franchises and dissolution of the corporation. In other words, when an *quo warranto* action is found to be well taken on the basis that the act of creating the corporation was itself defective, that defective act of incorporation voids the existence of corporate rights, privileges and franchises so that the court of appeals is required to oust and exclude the incorporators from that corporate form and dissolve the corporation. Under O.R.C. § 2733.21, the court of appeals must then appoint a trustee or trustees to facilitate dissolution of the corporation. On the other hand, when a *quo warranto* action is brought under O.R.C. § 2733.02(D) for misuse of a corporate franchise privilege or right, the court of appeals may find that such misuse does not require a surrender or forfeiture of the corporation's rights, privileges and franchises and under ¶ 2 of O.R.C. § 2733.20 may order that the corporation be ousted only from the continued misuse of such right, privilege or franchise.[2]

In the *quo warranto* action filed against Plaintiff MCRD, the state of Ohio argued that relief should be granted under both sections (A) and (D) of O.R.C. § 2733.02. *See* Decision and Entry of Court of Appeals of Montgomery County, Ohio (attached to Doc. # 282) at 1–2. The Court of Appeals, however, did not reach the issue of whether relief would be available under section (D)—it held that under section (A) the defendant in the *quo warranto* action (the Plaintiff herein) had "offended against a law providing for its creation." *Id.* at 6. Having found that MCRD had offended against a law providing for its creation, the Court did not have the power, as it would with a finding of a violation under section (D), to apply the second paragraph of O.R.

---

**2.** The Court notes that ¶ 3 of O.R.C. § 2733.20 applies only to proceedings brought under O.R.C. § 2733.02(E) (i.e., where a corporation is incorporated under an improper name such as a name already in use at the time of incorporation).

C. § 2733.20 merely to oust the corporation from misuse of its corporate rights, privileges or franchises. Rather, the Court of Appeals was required to, and did, follow ¶ 1 of O.R.C. § 2733.20 by ousting and excluding the corporation from its rights, privileges and franchises and ordering its dissolution. *See Id.* at 7 ("Pursuant to R.C. 2733.20, we find that the respondent has offended against the law providing for its creation, specifically R.C. 1702.04(AZ), and as such, it is hereby ordered that Montgomery County Residential Development, Inc., be ousted and excluded from its corporate rights, privileges, and franchises, and that such corporation be dissolved."); *see also State ex rel. Attorney General v. Lee,* 21 Ohio St. 662 (1871) (judgment of ouster appropriate where corporation found to have violated statutes governing process of incorporation). Thus, the present status of Plaintiff MCRD, as a result of the decision of the Ohio Court of Appeals, is that it has been ousted and excluded from use of its corporate rights, privileges and franchises, and its present trustees, members and officers have been enjoined from carrying out further acts or business of the corporation.

█ Under Ohio law, as this Court reads and understands that law, *supra,* at 1071,[3] a judgment of ouster and exclusion from a corporation's rights, privileges and franchises and dissolution of the corporation requires the appointment of a trustee or trustees to supervise the winding up of that corporation. While Defendants in this action argue that the *quo warranto* statute provides alternative remedies in the case of a judgment of ouster which may not require the appointment of a trustee or trustees, the Court notes that O.R.C. § 2733.21 belies this argument by language which states: "The court rendering a judgment dissolving a corporation as provided in section 2733.20 of the Revised Code *shall* appoint a trustee or trustees, not exceeding three in number, for the benefit of creditors and stockholders thereof...." (emphasis added). These trustees are required, as soon as possible after their appointment, to prepare a report of the assets and liabilities of the corporation, and thereupon to collect and disburse those assets for the benefit of creditors of the corporation. *See* O.R.C. § 2733.28. For purposes of the lawsuit before this Court, the trustee or trustees would evaluate this lawsuit to determine whether it constitutes an asset of the corporation.[4]

In light of the mandatory statutory requirement, under the finding of the Ohio appellate court, that a trustee or trustees be appointed to provide for the dissolution of the Plaintiff, arguments as to whether the Plaintiff was a *de facto* corporation during the period of alleged wrongdoing by the Defendants is irrelevant. O.R.C. §§ 2733.21 and 2733.28 plainly indicate that the court appointed trustees assume the assets and liabilities of the corporation in order to protect the creditors thereof, since those creditors in effect dealt with an unincorporated association of individuals who represented themselves to be acting as a corporation. In essence, the statute recognizes that the assets obtained and liabilities incurred by the ousted corporation were and are valid and legally enforceable, and provides a mechanism to insure that those assets will be used for protection of creditors of that corporation.

█ As an aside, however, the Court must note that even if the statute did not clearly provide for the appointment of a trustee or trustees and make the assets of the corporation collectible by them, the Court would find that the rights of the

---

3. It is, of course, the role of the Court of Appeals of Montgomery County, Ohio, to determine the statutory procedures it must follow for dissolution in the *quo warranto* action before it. This Court, however, must determine how that *quo warranto* action will affect the lawsuit before this Court and so must "predict" the actions of the Court of Appeals based upon its reading of the *quo warranto* statute (which this Court believes to be clear cut).

4. The filing of *Ohio v. Evans,* case no. 87–1215, in the Court of Common Pleas of Montgomery County, Ohio, in which the state of Ohio seeks to collect funds given MCRD by the Department of Mental Retardation and Developmental Disabilities, would appear to make the appointment of a trustee or trustees all the more urgent.

stockholders or members of a corporation in corporate assets are not destroyed by a judgment of ouster. In this respect, argument as to whether a *de facto* corporation was created misses the point—the existence of a *de facto* corporation is only important on the issue of whether officers or directors of the defunct corporation are personally liable for its debts.[5] With respect to determination of corporate assets (i.e., debts owed the corporation) the existence of or lack of *de facto* corporate status is irrelevant. If no corporate person ever came into existence (i.e., the corporation was void *ab initio*), the Defendants, assuming the allegations of Plaintiff's Complaint as true, injured an unincorporated association of individuals who were doing business as MCRD. In other words, MCRD's status as a corporation (*de jure* or *de facto*) only protects individuals doing business as MCRD from personal liability for the defunct corporation's debts—it does not affect the capacity of that group of people to have been injured, to file a lawsuit claiming damages for that injury and to claim that lawsuit as an asset. Thus, ouster is not retroactive in the sense of requiring a finding that because individuals were not acting (and/or were not acted upon) as the corporation they purported to be, they were not acting (and/or were not acted upon) at all. This is simply another way of stating that a judgment against the corporation in a *quo warranto* action does not, in and of itself, determine the rights and liabilities of third persons who have acquired such rights or incurred such liabil-

ities in their dealings with such a "corporation." *Society Perun v. Cleveland*, 43 Ohio St. 481, 3 N.E. 357 (1885). A finding that MCRD was void *ab initio* means only that there was never a corporate person "MCRD". There was still a group of people acting together under the name MCRD (i.e., an unincorporated association) who had the capacity to be injured in their status as natural persons, and who, assuming Plaintiff's allegations to be true, were injured. What Ohio's *quo warranto* statute does, in effect, is to take the rights (the assets) of the unincorporated association of individuals and place them (the rights) in the control of a trustee or trustees for the benefit of those creditors who did business with that unincorporated association during the time it was acting as if it were a corporation.

■ Having found that Ohio law requires the appointment of trustees to protect the rights of creditors of MCRD during its dissolution, the Court must determine the procedures to be followed in this lawsuit until such trustees are appointed by the Court of Appeals and until those trustees have had an opportunity to evaluate this lawsuit as an asset of the ousted corporation. As noted, the Court of Appeals of Montgomery County, Ohio, a state court of competent jurisdiction, has enjoined the present trustees, members and officers of MCRD from carrying on that corporation's business. Comity requires this Court to act consistently with that

---

5. The Court therefore need not reach the issue of whether good faith is a necessary prerequisite to the existence of a *de facto* corporation. However, were the Court to reach that issue it would find that good faith is indeed an element. *See Society Perun v. Cleveland*, 43 Ohio St. 481, 3 N.E. 357 (1885) (indicating, in headnote 1, that good faith is an element necessary for finding of a corporation *de facto*); *Garwood v. Oil Company*, 11 Ohio App. 96 (1919) ("A *de facto* corporation exists where there has been an attempt to incorporate a corporation which the law authorized to be formed, the associates are acting in good faith and there has been a user of powers which such a corporation would possess."); *see also Booker Custom Packing Co. v. Sallomi*, 149 Ariz. 124, 716 P.2d 1061 (1986); *Weiss v. Anderson*, 341 N.W.2d 367 (N.D.1983); *Trust Company of Rochester v. Zecher*, 103 Misc.2d

777, 426 N.Y.S.2d 960 (1980). In Ohio, this Court, rather than the court hearing the *quo warranto* action, must determine whether there was good faith so as to permit a *de facto* corporation to exist. *See Society Perun*, 43 Ohio St. 481 ("it is not competent for this court, in a *quo warranto* proceeding ousting an acting corporation of the franchise to be a body corporate, to consider or determine the rights or liabilities of third parties, who have acquired such rights or incurred such liabilities in their dealings with such acting corporation."). However, were this Court to have to reach the "good faith"/*de facto* corporation issue, the findings by the Court of Appeals that MCRD's Articles of Incorporation contained forged signatures would have collateral estoppel effect in this case, and would require the Court to conclude that there was not good faith in the incorporation of MCRD.

order, and this Court has no discretion to do anything but to follow the state court's decision. For this Court to do otherwise would be to require Plaintiff herein to act in contempt of the state appellate court's order.

However, this action cannot be dismissed, since Federal Rule of Civil Procedure 17(a) provides that "[n]o action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." Accordingly, the Court finds that the captioned action must be *stayed* pending the appointment of a trustee or trustees by the Court of Appeals of Montgomery County, Ohio, to facilitate the dissolution of MCRD and for a reasonable time thereafter while this trustee or those trustees evaluate the viability of this lawsuit as an asset of the ousted corporation.

Accordingly, this Court requests the Administrator of the Court of Appeals of Montgomery County, Ohio, to send it copies of all further decisions, entries, orders, or opinions of that court in *State ex rel. Falke v. Montgomery County Residential Development, Inc.*, case no. 9867. Upon receipt of an entry appointing trustees from the Court of Appeals of Montgomery County, Ohio, this Court will notify those trustees, by letter, that they must enter an appearance in *this* lawsuit. Upon entry of an appearance in this lawsuit, those trustees will have the following options:

(1) Consent to the joinder of the alleged assignees of MCRD (i.e. SBSE, Inc., Our Way, Inc., and Dayton City Cooperative, Inc.) as plaintiffs (and, in essence, ratifying those assignments as valid) and continue as co-plaintiffs in the lawsuit (based upon a finding that the lawsuit is a viable asset of MCRD);

(2) Consent to joinder of the alleged assignees of MCRD as plaintiffs (again, in essence, ratifying those assignments as valid) and dismiss their own claim from the lawsuit (based upon a finding that the lawsuit is *not* a viable asset of MCRD)—the lawsuit would then proceed upon the assignees' claims;

(3) Oppose the joinder of the assignees of MCRD as plaintiffs based upon the invalidity of those assignments and continue with prosecution of the action, either as sole plaintiff or as co-plaintiff with the assignees, depending on the Court's decision regarding joinder of the assignees (based upon a finding that the lawsuit is a viable asset of MCRD);

(4) Oppose the joinder of the assignees of MCRD as plaintiffs based upon the invalidity of those assignments and then dismiss their own claim (based upon a finding that the lawsuit is *not* a viable asset of MCRD); or

(5) Dismiss their claims without addressing the assignees motion to join as plaintiffs (based upon a finding that the lawsuit is *not* a viable asset of MCRD), thus leaving the issue of the validity of assignments to be argued by the Defendants, in this Court by way of opposing Plaintiff's Motion for Joinder and in the Alternative Motion for Substitution of Parties (Doc. # 293).

The Court will grant the trustees appointed sixty (60) days from notification by the Court of the requirement that they enter an appearance in this lawsuit, in order to permit those trustees an opportunity to evaluate the viability of this lawsuit as an asset of MCRD (including the value of MCRD's remaining interest in this lawsuit if the alleged assignments are found valid) and their position as to validity of the alleged assignment of rights in this lawsuit by MCRD to SBSE, Inc., Our Way, Inc., and Dayton Cooperative, Inc. (ultimately the validity of the alleged assignments must be determined by the Court, not the trustees—however, acceptance of the assignments by the trustees may constitute a ratification thereof, making argument as to

the original act of assignment moot).[6]

Turning to Plaintiff's Motion for Sanctions Regarding Defendants' Motion to Dismiss (Doc. # 289), the Court finds, in light of the fact that Defendants' arguments are, at least in part,[7] well taken, that sanctions under Rule 11 are inappropriate. Quite simply, the Court cannot find that Defendants' arguments were made without reasonable investigation into the state of the law in this area. Plaintiff's Motion for Sanctions under Rule 26(g) is also overruled in light of the Court's decision to stay proceedings in this action, but may be renewed by the trustee(s) upon entry into this action.

In sum, Defendants' Motions to Dismiss (Doc. ## 282 and 285) and Plaintiff's Motion for Sanctions Regarding Defendants' Motion to Dismiss (Doc. # 289) are overruled. The captioned cause is ordered stayed until either an entry in this action by any trustees appointed by the Court of Appeals of Montgomery County, Ohio, and the making of certain determinations by those trustees, *see, supra,* at 1074, *or* a decision by that Court that trustees will not be appointed. A ruling on Plaintiff's Motion for Joinder and in the Alternative Motion for Substitution of Parties (Doc. # 293) is deferred pending the completion of this stay.

---

6. Should the Court of Appeals of Montgomery County, Ohio, determine that Ohio law does not require the appointment of trustees, the Court is inclined to allow Plaintiffs to substitute representatives of the "unincorporated association" which did business as MCRD during the relevant time period as party Plaintiffs in this suit. However, the Court will permit the parties to brief this issue should such trustees not be appointed.

7. The Court notes that Defendants' Motions to Dismiss did not constitute within this lawsuit collateral attacks on MCRD's corporate existence, but rather were attempts to bring the binding decision of the Court of Appeals of Montgomery County, Ohio, (as Defendants interpreted that decision) to the attention of the Court, in order that this lawsuit would not be prosecuted by anyone not a real party in interest hereto pursuant to Rule 17(b). The corporate status of the Plaintiff has already been directly attacked—successfully so—in the state court of appeal *quo warranto* action.