800 P.2d 977

**JAMES F. BLUTE, III, M.D., P.C., PROFIT SHARING PLAN; James F. Blute, III, M.D., P.C.; James F. Blute, III, M.D., P.C., Pension Plan, Plaintiffs/Appellees,**

v.

**Ronald TERRAZAS, Defendant/Appellant.**

No. 2 CA–CV 89–0256.

Court of Appeals of Arizona, Division 2, Department A.

May 10, 1990.

Petition and Cross–Petition for Review Denied Nov. 27, 1990.

Molloy, Jones & Donahue, P.C. by George O. Krauja and Ardner R. Cheshire, Tucson, for plaintiffs/appellees.

R. Douglas Zirkle, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

Ronald Terrazas appeals from an order granting summary judgment which held him personally liable on secured notes in the amount of $100,000 and imposed treble damages for RICO violations.

## FACTS

On March 16, 1985, Terrazas executed to appellee Dr. Blute two $50,000 promissory notes secured by a financing statement in inventory under A.R.S. § 47–9102. Terrazas and Gary Price signed the notes as treasurer and president, respectively, of a then non-existing corporation known as L & N Automotive, Inc. (L & N). On March 14, 1986, two days before the notes became due, L & N filed articles of incorporation in Arizona. The notes subsequently fell into default. Appellees initiated this action and partial summary judgment was entered in their favor.

Terrazas raises two issues on appeal. He maintains the court erred in finding him personally liable for the debts of a corporation. He also asserts the court improperly found him in violation of Arizona's RICO laws, A.R.S. § 13–2301 et seq. We affirm in part and reverse in part.

## PERSONAL LIABILITY

■ Terrazas contends that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether L & N was doing business as L & N Auto Sales Co., Inc. (L & N Auto Sales), a then existing corporation now dissolved. He argues that he should be shielded from personal liability for three reasons: (1) he was an executive of L & N Auto Sales during 1985, (2) there is no evidence indicating that L & N Auto Sales *did not* use various trade names during its existence and (3) appellees did not rely on his individual assets for security for the loan agreement. We find these reasons unpersuasive.

While we view the evidence most favorably for appellant, we find no factual question exists as to his personal liability on the notes. *Grain Dealers Mutual Insurance Company v. James,* 118 Ariz. 116, 575 P.2d 315 (1978); *Gulf Industries, Inc. v. Hahn,* 156 Ariz. 153, 750 P.2d 911 (App.1988). The record is devoid of any evidence establishing that L & N was a trade name or was doing business as or for L & N Auto Sales at the time the notes were executed. *Booker Custom Packing Co., Inc. v. Sallomi,* 149 Ariz. 124, 716 P.2d 1061 (App. 1986). Terrazas acted on behalf of a nonexisting corporation, and there was no evidence that the corporation ratified his acts. He is therefore liable on the defaulted notes. A.R.S. § 10–146; *Booker Custom Packing Co., Inc. v. Sallomi,* supra. See *T–K Distributors, Inc. v. Soldevere,* 146 Ariz. 150, 704 P.2d 280 (App.1985).

## RICO

■ Terrazas asserts that the court erred in denying his cross-motion for summary judgment and inappropriately granted Dr. Blute's motion for summary judgment, finding him in violation of A.R.S. §§ 13–2301(D)(4)(s) and 13–2314 for the sale of unregistered securities. A.R.S. §§ 44–1841 and 1801(16).[1] He argues inter alia, that he is exempt from Arizona's Blue Sky laws under A.R.S. §§ 44–1843(10) and 44–1844(4). We find, however, that the notes were exempt under § 44–1843(10).[2]

A.R.S. § 44–1843(10) provides an exemption for "notes ... secured by a mortgage or ... chattels ... if the entire mortgage ... together with all notes secured [by the mortgage] is sold or offered for sale as a *unit ....*" (Emphasis added). Although Arizona's securities laws closely mirror the Federal Securities Acts of 1933 and 1934, this particular exemption is unique to our laws. This, therefore, is a case of first impression and we will give effect to the plain meaning of the statute. *Deatherage v. Deatherage,* 140 Ariz. 317, 681 P.2d 469 (App.1984).

The notes issued to Dr. Blute were secured by a financing statement in inventory. The security agreement states that "L & N shall not permit any security interest to attach to [the] collateral ..." other than the interest given to Dr. Blute. The record indicates that Terrazas had no further personal or business ties with L & N Auto Sales or their principals after June 1985. However, Dr. Blute presented evidence suggesting that his secured interest in inventory was diluted by the issuance of other security interests in the same collateral. Therefore, he argues, the "unit" requirement of A.R.S. § 44–1843(10) was violated and, thus, the provision is unavailable to Terrazas. We find this argument flawed.

The record shows that other financial arrangements, secured by the inventory securing Dr. Blute's investment, were not made until after Terrazas had severed his ties with L & N Automotive. No evidence suggests otherwise. This means that when Dr. Blute received the notes, the notes were secured by an undivided interest in

---

**1.** Terrazas argues in his cross-motion for summary judgment that no sale of securities occurred. A.R.S. § 44–1801(20) makes a promissory note a "security" and A.R.S. § 44–1801(16) defines "sale" or "sell" as "... a sale or *other disposition* of a security...." (Emphasis added).

**2.** We first note that § 44–1844(4) is inapplicable. This transaction fails as an "isolated transaction" because Terrazas was the "issuer" of the securities sold to Dr. Blute. Further, the matter was waived because Terrazas did not raise this matter before the trial court.

inventory. Any securities violation which may have occurred, based on Dr. Blute's argument, would have resulted from the sale of secured notes in inventory to later purchasers, not from the transaction involving Dr. Blute. We find that the issuance of the notes and the security interest[3] were sold as a "unit" and therefore exempt from registration.

Consequently summary judgment on the RICO violation was granted erroneously and, accordingly, the judgment is affirmed in part and we vacate and remand for further proceedings.

ROLL, P.J., and HATHAWAY, J., concur.

---

**3.** Under these circumstances, we find no meaningful difference between the devices of a "chattel mortgage" and a UCC security interest for purposes of A.R.S. § 44–1843(10). See A.R.S. §§ 47–1201(37), 9102(B), 9104(6) and 9105(3).

See also J. White and R. Summer, *Handbook of the Law Under the Uniform Commercial Code* §§ 22–2, –8 (2d ed. 1980).